**IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **JOHN DOE** : | |
| : | |
| : | **NO.: 22-1405** |
| **v.** : | |
| : | **JURY TRIAL** |
| : | **DEMANDED** |
| **DELAWARE COUNTY , ET AL.** : | |

## NOTICE OF MOTION

TO:   Ronda B. Goldfein, Esquire
Adrian M. Lowe, Esquire
AIDS Law Project of Pennsylvania
1211 Chestnut Street, Suite 600
Philadelphia, PA 19107

     You are hereby notified on this 7th day of June 2022 , that the attached Motion to Dismiss Plaintiff's Amended Complaint Pursuant to F.R.C.P. 12(b)(6) is being filed with the Court. According to Local Rule 7.1.(c), if you wish to oppose said Motion, you must serve a Brief in Opposition, together with such Answer or other response, within fourteen (14) days after service of the enclosed Motion. In the absence of a timely response, the Motion may be treated as uncontested.

     Respectfully submitted:
     **DiORIO & SERENI, LLP**

Date:  June 7, 2022     **BY:**  /s/ *Robert M. DiOrio*
     **ROBERT M. DiORIO, ESQ.**

     /s/ *Matthew H. Fry*
     **MATTHEW H. FRY, ESQ.**
     21 West Front Street
     P.O. Box 1789
     Media, PA 19063
     (610) 565-5700 (telephone)
     (610) 891-0651 (facsimile)

**IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **JOHN DOE** | : |
| | : |
| | :    **NO.: 22-1405** |
| **v.** | : |
| | :    **JURY TRIAL** |
| | :    **DEMANDED** |
| **DELAWARE COUNTY , ET AL.** | : |

## <u>ORDER</u>

AND NOW, this _____ day of _____, 2022, after consideration of Defendants, The GEO Group, Inc., Kristen Grady (incorrectly identified as Kristin [LNU]), and Debra McFadden, Motion to Dismiss Plaintiff's Complaint, and any response thereto, it is hereby ORDERED and DECREED that the Motion is GRANTED and Defendant The GEO Group, Inc., is hereby DISMISSED from the Complaint with prejudice;

                                                                                   BY THE COURT:

                                                                                    JOSEPH F. LEESON, JR.,    J.

**IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **JOHN DOE** : | |
| : | |
| : | NO.: 22-1405 |
| **v.** : | |
| : | JURY TRIAL |
| : | DEMANDED |
| **DELAWARE COUNTY , ET AL.** : | |

### DEFENDANTS, THE GEO GROUP, INC., KRISTEN GRADY, AND DEBRA MCFADDEN MOTION TO DISMISS PLAINTIFF'S COMPLAINT

Defendants The GEO Group, Inc. ("GEO"), Kristen Grady (incorrectly identified as Kristin [LNU]), and Debra McFadden, by and through their attorneys Robert M. DiOrio and Matthew H. Fry, hereby submit this Motion to Dismiss Plaintiff's Complaint pursuant to Rule 12(b)(6) and in support thereof avers as follows:

1. This action was commenced via a Complaint on April 8, 2022. (Document 1).

2. Plaintiff, while incarcerated at the George W. Hill Correctional Facility, claims that he was unfairly prevented from working in the kitchen because he was HIV positive. He also claims that his HIV status was provided to his counselor, Defendant Joseph, without his consent and in violation of the Pennsylvania Confidentiality of HIV Related Information Act.

3. Defendant Joseph [LNU] has not been identified or served with original process. Thus, Defendant Joseph is not part of the instant motion.

4. Plaintiff asserts claims against GEO under the Rehabilitation Act in Count II, and a state law claim for violation of Pennsylvania Confidentiality of HIV Related Information Act in Count III. (Document 1).

5. For reasons set forth in Defendants' Memorandum of law, Plaintiff has failed to state a claim for relief as to all the claims against the Moving Defendants in the Complaint. Specifically, Defendant The GEO Group, Inc., did not violate the Rehabilitation Act, and moreover, the Act is inapplicable to GEO because they are a private corporation. Furthermore, Plaintiff fails to reveal any Defendant who disclosed his HIV status, only saying that a note, folder over for privacy, was likely read by an inmate delivering messages. There was no intentional or improper disclosure identified against any of the Moving Defendants, and thus there can be no claim.

6. Accordingly, Defendants respectfully seek relief in the form of dismissal of the Complaint as to the Moving Defendants with prejudice.

WHEREFORE, the Defendants respectfully request this Honorable Court to grant their Motion to Dismiss and enter the attached form of Order.

Respectfully submitted:

**DiORIO & SERENI, LLP**

Date: June 7, 2022      BY:   /s/ *Robert M. DiOrio*
                              **ROBERT M. DiORIO, ESQ.**

                              /s/ *Matthew H. Fry*
                              **MATTHEW H. FRY, ESQ.**
                              21 West Front Street
                              P.O. Box 1789
                              Media, PA 19063
                              (610) 565-5700 (telephone)
                              (610) 891-0651 (facsimile)

**IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **JOHN DOE** | : | |
| | : | |
| | : | **NO.: 22-1405** |
| v. | : | |
| | : | **JURY TRIAL** |
| | : | **DEMANDED** |
| **DELAWARE COUNTY , ET AL.** | : | |

**DEFENDANTS, THE GEO GROUP, INC., KRISTEN GRADY, AND DEBRA
MCFADDEN'S MEMORANDUM OF LAW IN SUPPORT OF
<u>MOTION TO DISMISS PLAINTIFF'S COMPLAINT</u>**

Defendants The GEO Group, Inc. ("GEO"), Kristen Grady (incorrectly identified as Kristin [LNU]), and Debra McFadden ("Moving Defendants"), by and through their attorneys Robert M. DiOrio and Matthew H. Fry, hereby submit this Memorandum of Law in support of Defendants' Motion to Dismiss Plaintiff's Complaint pursuant to Rule 12(b)(6) and in support thereof aver the following.

**I.     <u>FACTUAL BACKGROUND</u>**

This action was commenced via a Complaint on April 8, 2022. (Document 1). Plaintiff, while incarcerated at the George W. Hill Correctional Facility, claims that he was unfairly prevented from working in the kitchen because he was HIV positive. He also claims that his HIV status was disclosed to his counselor, at his request, but was in violation of the Pennsylvania Confidentiality of HIV Related Information Act.

Defendant Joseph [LNU] has not been identified or served with original process. Thus, Defendant Joseph is not part of the instant motion.

1

Plaintiff asserts claims against GEO under the Rehabilitation Act in Count II, and a state law claim for violation of Pennsylvania Confidentiality of HIV Related Information Act in Count III against all Defendants. (Document 1).

Specifically, the factual claims against each Moving Defendants are as follows:

**1.** **Kristen Grady**

a. Kristen Grady, at the time of this lawsuit, was allegedly the "Head of Nursing" at George W. Hill Correctional Facility and was allegedly was being asked by Defendant Debra McFadden about Plaintiff's medical clearance. (Document 1, ¶¶13, 38). Plaintiff makes no other specific allegations against this Defendant.

**2.** **Debra McFadden**

a. Ms. McFadden is alleged to have been an infectious disease nurse at the George W. Hill Correctional Facility at the time of this incident. (Document 1, ¶12).

b. On March 18, 2020, McFadden told Plaintiff that he could not come into a class on food safety because the class was full. (Document 1, ¶¶29-31).

c. A few days later, Plaintiff was told by "Nurse Nina" that McFadden had told her that Plaintiff was "not medically cleared for certain jobs" and that she was following up with Defendant Kristen Grady, but Plaintiff never heard back with any additional information. (Document 1, ¶¶37-38)

d. On April 22, 2020, Plaintiff claims that Dr. Phillips said that having HIV should not prevent Plaintiff from working in the kitchen and said he would write a note overriding Defendant McFadden. (Document 1, ¶48).

Plaintiff does not claim that any of the Defendants disclosed HIV information of Plaintiff to Defendant Joseph or inmates. Rather, Plaintiff claims that the Unknown GWHCF Health Administration Staff provided medical information to Defendant Joseph about Plaintiff's HIV status, which Plaintiff claims was improper. (Document 1, ¶91).

At no time is it alleged that Plaintiff's HIV status was disclosed by Defendants to any inmates. Rather, the Plaintiff only alleges that Defendant Joseph should not have been permitted to know his HIV status.

With respect to Plaintiff's Rehabilitation claim, Plaintiff merely alleges that his lack of medical clearance was not justified, but provides no further information as to his medical status. Interestingly, Plaintiff admits that several people in medical, including the Medical Director Dr. Ronald Phillips, D.O. specifically told him that his HIV positive status alone would not prevent him from working in the kitchen. (Document 1, ¶¶44, 48)

## II. LEGAL STANDARDS

### A. Motion to Dismiss Pursuant to FRCP 12(b)(6).

Following the Supreme Court decisions in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) and *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1950 (2009), pleadings standards in federal civil rights actions have shifted from simple notice pleading to a more heightened from of pleading, requiring a plaintiff to plead more than the possibility of relief to survive a Motion to Dismiss under F.R.C.P. 12(b)(6). *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210-211 (3d Cir. 2009). *See, Phillips v. County of Allegheny*, 515 F.3d 224, 230 (3d Cir. 2008).

Therefore, following *Twombly* and *Iqbal*, when presented with a motion to dismiss for failure to state a claim, district courts should conduct a two-part analysis. First, the

factual and legal elements of a claim should be separated. The court must accept all of the complaint's well-pleaded facts as true but may disregard legal conclusions. *Iqbal*, at 1950. Second, a district court must determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a "plausible claim for relief." *Id.* In other words, a complaint must do more than allege an entitlement to relief. A complaint has to "show" such an entitlement with facts. *Id. See, Phillips*, 515 F.3d at 234-35. As the Supreme Court instructed, "[w]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged-but it has not 'show[n]'-'that the pleader is entitled to relief.'" *Iqbal*, at 1950.

### III. LEGAL ARGUMENT

#### A. Count II Alleging Violation Of Section 504 Of Rehabilitation Act Must Be Dismissed Against GEO For Failure To State A Claim.

Plaintiff fails to state a claim against the Defendant The GEO Group, Inc. as GEO is a private corporation not subject to the Rehabilitation Act, Plaintiff was treated the same as all others similarly situated, was told his HIV status did not prevent him from working in the kitchen, and Plaintiff admits that he was not medically cleared. Therefore, there is no violation of the Rehabilitation Act and Count II should be dismissed.

The Rehabilitation Act only applies to public entities. *See Matthews v. Pennsylvania Department of Corrections,* 613 Fed. Appx. 163 (3d Cir. 2015). In *Matthews*, the Third Circuit was clear that private entities such as GEO could not be sued under the Rehabilitation Act, holding as follows:

> Although we hold that Matthews states a claim under the ADA and the Rehabilitation Act against the DOC, the dismissal of

> statutory claims against defendants Hunter, Arnone, Swanhart, Glofelty, and Corizon Health, Inc. must be affirmed because they are not public entities subject to suit under the ADA or the Rehabilitation Act. *See* 42 U.S.C. § 12132 ("Subject to the provisions of this subchapter, no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a *public entity,* or be subjected to discrimination by any such entity." (emphasis added)); 42 U.S.C. § 12131 (defining "public entity" as (a) any State or local government; (b) any department, agency, special purpose district, or other instrumentality of a State or States or local government; and (c) the National Railroad Passenger Corporation, and any other commuter authority). With respect to Corrections Officers Hunter and Arnone, we agree with the Courts of Appeals for the Second and Eighth Circuits that Title II of the ADA does not provide for suits against state officers in their individual capacities. *See Garcia v. S.U.N.Y. Health Sciences Ctr. of Brooklyn,* 280 F.3d 98, 107 (2d Cir.2001); *Alsbrook v. City of Maumelle,* 184 F.3d 999, 1005 n. 8 (8th Cir.1999) (en banc). And with respect to defendants Swanhart, Glotfelty, and Corizon Health, Inc., we agree with the Court of Appeals for the Eleventh Circuit that "a private corporation is not a public entity merely because it contracts with a public entity to provide some service." *Edison v. Douberly,* 604 F.3d 1307, 1310 (11th Cir.2010); *see also Green v. City of New York,* 465 F.3d 65, 79 (2d Cir.2006) (holding that a private hospital performing government services by contract is not an "instrumentality" of the government); *Cox v. Jackson,* 579 F.Supp.2d 831, 852 (E.D.Mich.2008) (holding that a private medical provider with a contract to serve a prison was not a government entity). We will therefore affirm the dismissal of all statutory claims except as to the DOC.

*Id.* at 169. Furthermore, this Court recently granted a Motion to Dismiss with prejudice against Defendant, The GEO Group, Inc. based on this same premise in the case of *Eckstrom v. Community Education Centers, Inc., et al.,* docket no.19-782, 2019 WL 3804146 (E.D. Pa. 2019), Judge Baylson granted GEO's Motion to Dismiss, finding that, as a private entity, the Rehabilitation Act did not apply. Therefore, as GEO is clearly a private entity, and has already been dismissed by this

5

Court from claims stemming from the Rehabilitation Act for this purpose. Therefore, Plaintiff's claims in Count II of the Complaint should be dismissed with prejudice.

Plaintiff's claim also cannot succeed because Plaintiff's "employment" at the prison is not work at all, but rather part of his rehabilitation. As stated in the case of *Heffran v. Dept. of Labor and Industry,* 863 A.2d 1260 (Pa.Cmwlth 2004):

> It has long been settled that an inmate at a correctional facility is not an employee of the correctional facility because there is no employer/employee relationship as an inmate's labor belongs to the prison, and the remuneration paid to the inmate is a gratuitous payment authorized by the state as a rehabilitative tool rather than wages. *Mays v. Fulcomer,* 122 Pa.Cmwlth. 555, 552 A.2d 750 (1989); *Salah v. Pennsylvania Labor Relations Board,* 38 Pa.Cmwlth. 397, 394 A.2d 1053 (1978)

*Id.* at 1263. The reasoning of this theory has been used in the context of denying inmates minimum wages, unemployment compensation, and other employee protections. *Heffran v. Department of Labor and Industry,* 863 A.2d 1260, 1263 (Pa.Cmwlth.2004), *aff'd,* 584 Pa. 540, 886 A.2d 222 (2005). Thus, Plaintiff was never denied a job opportunity or other benefit under the Rehabilitation Act. There is no basis under the law for Plaintiff to select the form of rehabilitation, and thus there can be no such claim.

Furthermore, Plaintiff's complaint is carefully crafted to omit any reference that he was medically cleared to participate in kitchen work. Rather, Plaintiff claims several times that he was told that having HIV alone should not prevent him from working in the kitchen, but never states that he had actually been cleared by medical and was still rejected for the kitchen assignment. (Document 1, ¶¶44, 48).

Third, Plaintiff does not allege any facts to conclude that he was denied working in the kitchen solely because of his disability. In addition to the above, Plaintiff has not alleged any policy or procedure that prohibits HIV positive persons from working in the kitchen. He also fails to

6

identify any person similarly situated that was denied working in the kitchen. Instead, Plaintiff has merely rejected the legitimate reasons for his denial with the baseless claim that they are false and a pretext without evidence. If Plaintiff is to make such a claim, based on the allegations that he was not medically cleared, he must at least allege facts to show that he was in fact medically cleared, and met all other requirements, but was denied solely because of his disability. That has not occurred here. Rather, Plaintiff points out legitimate reasons why he was not able to work in the kitchen, but simply rejects them without any factual basis.

Therefore, Plaintiff has failed to state a claim under the Rehabilitation Act and Count II should be dismissed as to Defendant GEO with prejudice.

### B.  Plaintiff Fails To State Any Claims Against The Defendants For Violation of the Pennsylvania Confidentiality of HIV Related Information Act.

Moving Defendants should be dismissed from Count III of the Complaint because the Complaint fails to claim a violation under the Pennsylvania Confidentiality of HIV Related Information Act (hereinafter "the Act"). In short, there is no evidence that any of the individual defendants identified disclosed any HIV related information about Plaintiff. Plaintiff does not allege that any of the Defendants disclosed information to inmates, but rather claims that his counselor should not have been advised as to his medical status. (Document 1, ¶91). Not only does this fall into an exception under the Act, Plaintiff also provided written consent to such disclosure. Furthermore, Defendants Grady and McFadden are not alleged to have disclosed any health-related information about the Plaintiff and they should be dismissed.

### 1. There Was No Violation Of The Pennsylvania Confidentiality Of HIV-Related Information Act.

According to the admissions of Plaintiff in the Complaint, and the plain language of the Act, there was no violation of any section of the Act by any of the Defendants. Therefore, Count III should be dismissed.

Plaintiff's interpretation under the Act is simply incorrect. Counselors such as Defendant Joseph are part of the group of persons that are permitted to know the medical status of the inmates under 35 P.S. §7607(a)(4). Since Plaintiff alleges that Defendant Joseph was his counselor, and responsible for coordinating his care including passing along information regarding Plaintiff's medical related questions as alleged in the Complaint, by law there is no such violation. Therefore, there can be no violation of the Act by any of the Defendants and Count III should be dismissed.

Plaintiff is not alleging any claim relating to a disclosure of his HIV related information to inmates, but rather only to his counselor Defendant Joseph. (Document 1, Count III). In this context, the relevant portions of the Act Section 7607, are stated as follows:

**Confidentiality of Records**

> **(a) Limitations on disclosure.--**No person or employee, or agent of such person, who obtains confidential HIV-related information in the course of providing any health or social service or pursuant to a release of confidential HIV-related information under subsection (c) may disclose or be compelled to disclose the information, except to the following persons:
>
> . . .
>
> (4) An agent, employee or medical staff member of a health care provider, when the health care provider has received confidential HIV-related information during the course of the subject's diagnosis or treatment by the health care provider, provided that the agent, employee or medical staff member is involved in the medical care or treatment of the subject. Nothing in this paragraph shall be

8

> construed to require the segregation of confidential HIV-related information from a subject's medical record.

35 P.S. §7607.

According to Plaintiff's Complaint, Defendant Joseph was Plaintiff's "Counselor" and as part of his duties, was required to respond to his inquiries as to his medically related issues regarding his desire to work in the kitchen. (Document 1, ¶14, ¶39). In fact, Plaintiff specifically claims that he asked Defendant Joseph to find out why he was not medically cleared for work in the kitchen, stating "John Doe submitted an inmate request for information to his counselor, asking why he was not medically cleared to work in the kitchen and seeking information about other jobs that might be available to him." (Document 1, ¶39).

Initially, Section 7607 applies to confidentiality of HIV records, and the improper release of said information. 35 P.S. §7607. Plaintiff does not allege that anyone improperly released any records related to Plaintiff's HIV status or any other medical information. Rather, Plaintiff only claims that a specific request to his counselor for medical information contained a confidential message to him that it was his HIV status that prevented him from working in the kitchen. (Document 1, ¶41). There were no records released of Plaintiff's medical condition. Thus, Section 7607 does not apply, and there can be no violation since there is no allegation that "records" were ever improperly released.

Even if the Court finds that Section 7607, Confidentiality of Records, does apply to oral statements or other non-medical records, Section 7607(a)(4) of the Act specifically allows agents of the medical providers to have knowledge of Plaintiff's HIV if they are involved in the care and treatment of the inmate. *See* 35 P.S. §7607(a)(4). Since Plaintiff's Complaint confirms that Defendant Joseph was involved, and tasked with, the request by Plaintiff to find out what health

9

information he had to prevent him for working in the kitchen, Defendant Joseph did not violate any portion of the Act.

As a "counselor" and someone whose medical request information was directed, Plaintiff readily admits that Defendant Joseph was entitled to know that information. It was essential considering Plaintiff needed information relating to getting a job, knew that the request needed to be directed to his counselor, and wanted to know the specific medical reasons for his prohibition on working in the kitchen. (Document 1, ¶39). The counselor needed this information to properly do his job. This clearly falls under the exception to confidentiality under Section 7607(a)(4). Other than Plaintiff's claims that an unknown nurse told him that his counselor was not entitled to that information, Plaintiff states nothing in the Complaint to contradict that fact that his counselor was entitled to know his HIV status if it affected his ability to work in certain areas of the prison. Therefore, there can be no violation and Count III should be dismissed.

Lastly, Plaintiff admits that he consented to the disclosure. Under 35 P.S. §7607(a), a disclosure may be made if the person provides written consent. If the written consent is substantially in the form as stated in 7607(c), there is no violation. Section 7607(c) states as follows:

> **(c) Required elements of written consent to disclosure.--**A written consent to disclosure of confidential HIV-related information shall include:
>
> (1) The specific name or general designation of the person permitted to make the disclosure.
>
> (2) The name or title of the individual, or the name of the organization to which the disclosure is to be made.
>
> (3) The name of the subject.
>
> (4) The purpose of the disclosure.
>
> (5) How much and what kind of information is to be disclosed.

> (6) The signature of the subject.
>
> (7) The date on which the consent is signed.
>
> (8) A statement that the consent is subject to revocation at any time except to the extent that the person who is to make the disclosure has already acted in reliance on it.
>
> (9) The date, event or condition upon which the consent will expire, if not earlier revoked.

35 P.S. 7607(c). Only consent forms that "on its face substantially fails to conform to any of the requirements" should not be accepted. *Id.* at §7607(d)(2).

According to the Complaint, Plaintiff provided such written consent that substantially complied with 7607(c) by a) directing the request to his counselor (part 1); b) to reveal to him his own medical information (parts 2 and 3); c) stating the reason for the need for his own medical information relating to his work duties (part 4); He only requested the medical reasons related to his ability to work in the kitchen (part 5); and, while not explicitly stated, we can assume that he put his name and date on the request since it was identified by the counselor to be Plaintiff's request (parts 6 and 7). While Plaintiff's Complaint does not explicitly refer to parts 8 or 9 of the consent form, even if they were absent there is still substantial compliance with the request. (Document 1, ¶39).

Based on the facts admitted by Plaintiff, there can be no other finding other than Plaintiff requested the counselor to obtain this medical information on his behalf and, as requested, it was disclosed to him. Plaintiff has admitted that the request substantially complied with the written consent requirements under the statute. (Document 1, ¶39). Plaintiff already knew the general reason that he was not medically cleared, and specifically asked for more detailed medical information. (Document 1, ¶39). To state that he wanted the information and asked the counselor to get this information, only to turn around to say that it never should have been provided despite

his request, is the ultimate "gotcha" moment that should be prohibited. Plaintiff's admission that he wanted the counselor to get specific medical information about himself amounts to consent, and substantially complied with 7607(c). Therefore, Plaintiff's claim under the Pennsylvania Confidentiality of HIV Related Information Act is unfounded and should be dismissed.

### 2. Defendants Grady and McFadden, Should Be Dismissed From Count III Of The Complaint.

Defendants Grady and McFadden are not alleged to have disclosed heath information related to Plaintiff and should be dismissed from Count III of the Complaint. At best, they are alleged to have failed to enforce "procedures" to keep health information protected, but do not state what procedures were in place and what was not enforced. Moreover, there is nothing in the Act that requires procedures or enforcement of procedures. Therefore, Defendants Grady and McFadden should be dismissed.

While there is a requirement for written procedures in 35 P.S. §7607(f), there is no requirement or other mandate against health care providers to enforce those procedures or prevent others from not following procedures. Rather, the statute only applies to the health care provider themselves, and not to others they may work with. *Id.* Even if the Court could infer from the statute that Defendants Grady and McFadden were required to supervise and enforce procedures to protect medical information, Plaintiff does not allege that Defendants Grady or McFadden knew of others who were disclosing HIV information and failed to stop it. (Document 1).

Since at no time does Plaintiff allege that Defendants Grady and McFadden disclosed any health information about Plaintiff, or knew that others were disclosing health information about Plaintiff, there can be no claim. Therefore, Grady and McFadden should be dismissed from the Complaint with prejudice.

## IV. <u>CONCLUSION</u>

Accordingly, for the reasons stated above, Moving Defendants The GEO Group, Inc., Kristen Grady, and Debra McFadden must be dismissed from Counts II and III of the Complaint, and Defendants respectfully request that this Honorable Court grant the within Motion and enter an Order in the form attached.

Respectfully submitted:

**DiORIO & SERENI, LLP**

Date: <u>June 7, 2022</u>     **BY:**   /s/ *Robert M. DiOrio*
                              **ROBERT M. DiORIO, ESQ.**

/s/ *Matthew H. Fry*
**MATTHEW H. FRY, ESQ.**
21 West Front Street
P.O. Box 1789
Media, PA 19063
(610) 565-5700 (telephone)
(610) 891-0651 (facsimile)

13

**IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **JOHN DOE** : | |
| : | |
| : | **NO.: 22-1405** |
| **v.** : | |
| : | **JURY TRIAL** |
| : | **DEMANDED** |
| **DELAWARE COUNTY , ET AL.** : | |

**CERTIFICATE OF SERVICE**

We, Robert M. DiOrio and Matthew H. Fry, attorneys for Defendants, hereby certify that a true and correct copy of the foregoing Motion to Dismiss Plaintiff's Complaint was filed electronically via the Court's ECF system on the date below and is available for viewing and download by all counsel of record.

Respectfully submitted:

**DiORIO & SERENI, LLP**

Date: June 7, 2022     **BY:**   /s/ *Robert M. DiOrio*
　　　　　　　　　　　　　　　**ROBERT M. DiORIO, ESQ.**

　　　　　　　　　　　　　　　/s/ *Matthew H. Fry*
　　　　　　　　　　　　　　　**MATTHEW H. FRY, ESQ.**
　　　　　　　　　　　　　　　21 West Front Street
　　　　　　　　　　　　　　　P.O. Box 1789
　　　　　　　　　　　　　　　Media, PA 19063
　　　　　　　　　　　　　　　(610) 565-5700 (telephone)
　　　　　　　　　　　　　　　(610) 891-0651 (facsimile)