## IN THE UNITED STATES DISTRICT COURT FOR THE
## EASTERN DISTRICT OF PENNSYLVANIA

JOHN DOE                                        :
                                                :
                                                :          NO.: 22-1405
                v.                              :
                                                :          JURY TRIAL
                                                :          DEMANDED
DELAWARE COUNTY , ET AL.                         :

## NOTICE OF MOTION

TO:    Ronda B. Goldfein, Esquire
       Adrian M. Lowe, Esquire
       AIDS Law Project of Pennsylvania
       1211 Chestnut Street, Suite 600
       Philadelphia, PA 19107

       You are hereby notified on this 7th day of July 2022 , that the attached Motion to
Dismiss Plaintiff's Amended Complaint Pursuant to F.R.C.P. 12(b)(6) is being filed with
the Court. According to Local Rule 7.1.(c), if you wish to oppose said Motion, you must
serve a Brief in Opposition, together with such Answer or other response, within fourteen (14)
days after service of the enclosed Motion. In the absence of a timely response, the Motion
may be treated as uncontested.

                                        Respectfully submitted:
                                        **DiORIO & SERENI, LLP**

Date:  July 7, 2022                BY:   /s/ *Robert M. DiOrio*
                                        **ROBERT M. DiORIO, ESQ.**

                                        /s/ *Matthew H. Fry*
                                        **MATTHEW H. FRY, ESQ.**
                                        21 West Front Street
                                        P.O. Box 1789
                                        Media, PA 19063
                                        (610) 565-5700 (telephone)
                                        (610) 891-0651 (facsimile)

**IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF PENNSYLVANIA**

---

| | | |
|---|---|---|
| **JOHN DOE** | : | |
| | : | |
| | : | **NO.: 22-1405** |
| v. | : | |
| | : | **JURY TRIAL** |
| | : | **DEMANDED** |
| **DELAWARE COUNTY , ET AL.** | : | |

---

## <u>ORDER</u>

AND NOW, this _____ day of _____, 2022, after consideration of Defendants, The GEO Group, Inc., Kristen Grady (incorrectly identified as Kristin [LNU]), and Debra McFadden, Motion to Dismiss Plaintiff's Amended Complaint, and any response thereto, it is hereby ORDERED and DECREED that the Motion is GRANTED and Defendant The GEO Group, Inc., is hereby DISMISSED from the Amended Complaint with prejudice;

BY THE COURT:

_____
 JOSEPH F. LEESON, JR.,    J.

**IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF PENNSYLVANIA**

_____

| | | |
|---|---|---|
| **JOHN DOE** | : | |
| | : | |
| | : | **NO.: 22-1405** |
| v. | : | |
| | : | **JURY TRIAL** |
| | : | **DEMANDED** |
| **DELAWARE COUNTY , ET AL.** | : | |

_____

### DEFENDANTS, THE GEO GROUP, INC., KRISTEN GRADY, AND DEBRA MCFADDEN MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT

Defendants The GEO Group, Inc. ("GEO"), Kristen Grady (incorrectly identified as Kristin [LNU]), and Debra McFadden, by and through their attorneys Robert M. DiOrio and Matthew H. Fry, hereby submit this Motion to Dismiss Plaintiff's Amended Complaint pursuant to Rule 12(b)(6) and in support thereof avers as follows:

1.      This action was commenced via a Complaint on April 8, 2022. (Document 1).

2.      Plaintiff, while incarcerated at the George W. Hill Correctional Facility, claims that he was unfairly prevented from working in the kitchen because he was HIV positive. He also claims that his HIV status was provided to his counselor, Defendant Joseph, without his consent and in violation of the Pennsylvania Confidentiality of HIV Related Information Act.

3.      Defendant Joseph [LNU] has not been identified or served with original process. Thus, Defendant Joseph is not part of the instant motion.

4.      Plaintiff originally asserted claims against GEO under the Rehabilitation Act in Count II, and a state law claim for violation of Pennsylvania Confidentiality of HIV Related Information Act in Count III. (Document 1).

5.      Moving Defendants filed a Motion to Dismiss asserting that Plaintiff has failed to state a claim for relief as to all the claims against the Moving Defendants in the Complaint. Specifically, Defendant The GEO Group, Inc., did not violate the Rehabilitation Act, and moreover, the Act is inapplicable to GEO because they are a private corporation. Furthermore, Plaintiff fails to reveal any Defendant who disclosed his HIV status, only saying that a note, folded over for privacy, was likely read by an inmate delivering messages. There was no intentional or improper disclosure identified against any of the Moving Defendants, and thus there can be no claim. (Document 26).

6.      In response, Plaintiff filed an Amended Complaint on June 24, 2022. (Document 33).

7.      The Amended Complaint for the first time adds new claims under the Americans with Disability Act in both Count I and Count II of the Amended Complaint against The GEO Group, Inc. (Document 33). Additionally, while adding some language to the existing claims against the Moving Defendants, the Amended Complaint is still legally deficient for the reasons stated in the Defendants' attached memorandum of law and therefore, Moving Defendants should be dismissed.

8.      Accordingly, Defendants respectfully seek relief in the form of dismissal of the Complaint as to the Moving Defendants with prejudice.

WHEREFORE, the Defendants respectfully request this Honorable Court to grant their

Motion to Dismiss and enter the attached form of Order.

Respectfully submitted:

**DiORIO & SERENI, LLP**

Date: <u>July 7, 2022</u>               **BY:**   <u>/s/ *Robert M. DiOrio*</u>
                                              **ROBERT M. DiORIO, ESQ.**

                                              <u>/s/ *Matthew H. Fry*</u>
                                              **MATTHEW H. FRY, ESQ.**
                                              21 West Front Street
                                              P.O. Box 1789
                                              Media, PA 19063
                                              (610) 565-5700 (telephone)
                                              (610) 891-0651 (facsimile)

## IN THE UNITED STATES DISTRICT COURT FOR THE
## EASTERN DISTRICT OF PENNSYLVANIA

JOHN DOE                                  :
                                          :
                                          :        NO.: 22-1405
                    v.                    :
                                          :        **JURY TRIAL**
                                          :        **DEMANDED**
DELAWARE COUNTY , ET AL.                  :
_____

### DEFENDANTS, THE GEO GROUP, INC., KRISTEN GRADY, AND DEBRA
### MCFADDEN'S MEMORANDUM OF LAW IN SUPPORT OF
### MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT

Defendants The GEO Group, Inc. ("GEO"), Kristen Grady (incorrectly identified as Kristin [LNU]), and Debra McFadden ("Moving Defendants"), by and through their attorneys Robert M. DiOrio and Matthew H. Fry, hereby submit this Memorandum of Law in support of Defendants' Motion to Dismiss Plaintiff's Amended Complaint pursuant to Rule 12(b)(6) and in support thereof aver the following.

I.       **FACTUAL BACKGROUND**

This action was commenced via a Complaint on April 8, 2022. (Document 1). Plaintiff, while incarcerated at the George W. Hill Correctional Facility, claims that he was unfairly prevented from working in the kitchen because he was HIV positive. He also claims that his HIV status was disclosed to his counselor, at his request, but was in violation of the Pennsylvania Confidentiality of HIV Related Information Act.

Defendant Joseph [LNU] has not been identified or served with original process. Thus, Defendant Joseph is not part of the instant motion.

1

Plaintiff asserts claims against GEO under the Rehabilitation Act in Count II, and a state law claim for violation of Pennsylvania Confidentiality of HIV Related Information Act in Count III against all Defendants. (Document 1).

Moving Defendants filed a Motion to Dismiss asserting that Plaintiff has failed to state a claim for relief as to all the claims against the Moving Defendants in the Complaint. Specifically, Defendant The GEO Group, Inc., did not violate the Rehabilitation Act, and moreover, the Act is inapplicable to GEO because they are a private corporation. Furthermore, Plaintiff fails to reveal any Defendant who disclosed his HIV status, only saying that a note, folded over for privacy, was likely read by an inmate delivering messages. There was no intentional or improper disclosure identified against any of the Moving Defendants, and thus there can be no claim. (Document 26). In response, Plaintiff filed an Amended Complaint on June 24, 2022. (Document 33).

The Amended Complaint, for the first time adds new claims under the Americans with Disability Act in both Count I and Count II of the Amended Complaint against The GEO Group, Inc. (Document 33). While adding some language to the claims against the Moving Defendants, the amended pleading is still legally deficient for the reasons state in the Defendants' attached memorandum of law and therefore, Moving Defendants should be dismissed.

Specifically, the factual claims against each of the individual Moving Defendants are as follows:

### 1.    <u>Kristen Grady</u>

  a.  Kristen Grady, at the time of this lawsuit, was allegedly the "Head of Nursing" at George W. Hill Correctional Facility, was an employee of GEO Group, Inc., and

was allegedly was being asked by Defendant Debra McFadden about Plaintiff's medical clearance. (Document 33, ¶¶12, 38).

        b.      Defendant Grady failed to prevent or enforce the privacy procedures regarding confidentiality and disclosure of an individual's HIV positive status, although Plaintiff fails to explain what Grady did or did not do with respect to this claim. (Document 33, ¶¶104-105). Plaintiff makes no other specific allegations against this Defendant.

        **2.**      **<u>Debra McFadden</u>**

        a.      Ms. McFadden is alleged to have been an infectious disease nurse at the George W. Hill Correctional Facility and an employee of The GEO Group, Inc. at the time of this incident. (Document 33, ¶11).

        b.      On March 18, 2020, McFadden told Plaintiff that he could not come into a class on food safety because the class was full. (Document 33, ¶¶29-31).

        c.      A few days later, Plaintiff was told by "Nurse Nina" that McFadden had told her that Plaintiff was "not medically cleared for certain jobs" and that she was following up with Defendant Kristen Grady, but Plaintiff never heard back with any additional information. (Document 33, ¶¶37-38)

        d.      On April 22, 2020, Plaintiff claims that Dr. Phillips said that having HIV should not prevent Plaintiff from working in the kitchen and said he would write a note overriding Defendant McFadden. (Document 33, ¶51).

        e.      Defendant McFadden failed to prevent or enforce the privacy procedures regarding confidentiality and disclosure of an individual's HIV positive status, although Plaintiff fails to explain what McFadden did or did not do with respect to this claim. (Document 33, ¶¶104-105).

Plaintiff does not claim that any of the Defendants disclosed HIV information of Plaintiff to Defendant Joseph or inmates. At no time is it alleged that Plaintiff's HIV status was disclosed by Defendants to any inmates. Rather, the Plaintiff only alleges that Defendant Joseph, a counselor, should not have been permitted to know his HIV status. (Document 33, ¶108)

With respect to Plaintiff's ADA and Rehabilitation claims, Plaintiff merely alleges that his lack of medical clearance was not justified, but provides no further information as to his medical status. Interestingly, Plaintiff admits that several people in medical, including the Medical Director Dr. Ronald Phillips, D.O. specifically told him that his HIV positive status alone would not prevent him from working in the kitchen. (Document 33, ¶¶47, 51). Regardless, Plaintiff was never denied admission into the inmate worker program, and in fact he worked in sanitation until his release, and thus had the full benefits of any other inmate worker accepted into the program. (Document 33, ¶¶61, 68).

## II.    LEGAL STANDARDS

### A.    Motion to Dismiss Pursuant to FRCP 12(b)(6).

Following the Supreme Court decisions in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) and *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1950 (2009), pleadings standards in federal civil rights actions have shifted from simple notice pleading to a more heightened from of pleading, requiring a plaintiff to plead more than the possibility of relief to survive a Motion to Dismiss under F.R.C.P. 12(b)(6). *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210-211 (3d Cir. 2009). *See, Phillips v. County of Allegheny*, 515 F.3d 224, 230 (3d Cir. 2008).

Therefore, following *Twombly* and *Iqbal*, when presented with a motion to dismiss for failure to state a claim, district courts should conduct a two-part analysis. First, the

factual and legal elements of a claim should be separated. The court must accept all of

the complaint's well-pleaded facts as true but may disregard legal conclusions. *Iqbal*, at

1950. Second, a district court must determine whether the facts alleged in the complaint

are sufficient to show that the plaintiff has a "plausible claim for relief." *Id.* In other words,

a complaint must do more than allege an entitlement to relief. A complaint has to "show"

such an entitlement with facts. *Id. See, Phillips*, 515 F.3d at 234-35. As the Supreme

Court instructed, "[w]here the well-pleaded facts do not permit the court to infer more than

the mere possibility of misconduct, the complaint has alleged-but it has not 'show[n]'-'that

the pleader is entitled to relief.'" *Iqbal*, at 1950.


## III.   <u>LEGAL ARGUMENT</u>

### A.   **Counts I, II, and III Alleging Violation Of Section 504 Of The ADA And Rehabilitation Act Must Be Dismissed Against GEO For Failure To State A Claim.**

#### 1.   **The GEO Group, Inc. Is A Private Entity That Is Not Subject To Claims Under The ADA or Rehabilitation Act.**

Plaintiff fails to state a claim against the Defendant The GEO Group, Inc. as GEO is a

private corporation not subject to the Rehabilitation Act or the Americans with Disabilities Act

(ADA). Therefore, there is no violation of the Rehabilitation Act or ADA and Counts I, II, and III

should be dismissed as to The GEO Group, Inc.

The Rehabilitation Act and ADA only apply to public entities. *See Matthews v.*

*Pennsylvania Department of Corrections,* 613 Fed. Appx. 163 (3d Cir. 2015). In *Matthews*, the

Third Circuit was clear that private entities such as GEO could not be sued under the Rehabilitation

Act, holding as follows:

Although we hold that Matthews states a claim under the ADA and the Rehabilitation Act against the DOC, the dismissal of statutory claims against defendants Hunter, Arnone, Swanhart, Glofelty, and Corizon Health, Inc. must be affirmed because they are not public entities subject to suit under the ADA or the Rehabilitation Act. *See* 42 U.S.C. § 12132 ("Subject to the provisions of this subchapter, no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a *public entity,* or be subjected to discrimination by any such entity." (emphasis added)); 42 U.S.C. § 12131 (defining "public entity" as (a) any State or local government; (b) any department, agency, special purpose district, or other instrumentality of a State or States or local government; and (c) the National Railroad Passenger Corporation, and any other commuter authority). With respect to Corrections Officers Hunter and Arnone, we agree with the Courts of Appeals for the Second and Eighth Circuits that Title II of the ADA does not provide for suits against state officers in their individual capacities. *See Garcia v. S.U.N.Y. Health Sciences Ctr. of Brooklyn,* 280 F.3d 98, 107 (2d Cir.2001); *Alsbrook v. City of Maumelle,* 184 F.3d 999, 1005 n. 8 (8th Cir.1999) (en banc). And with respect to defendants Swanhart, Glofelty, and Corizon Health, Inc., we agree with the Court of Appeals for the Eleventh Circuit that "a private corporation is not a public entity merely because it contracts with a public entity to provide some service." *Edison v. Douberly,* 604 F.3d 1307, 1310 (11th Cir.2010); *see also Green v. City of New York,* 465 F.3d 65, 79 (2d Cir.2006) (holding that a private hospital performing government services by contract is not an "instrumentality" of the government); *Cox v. Jackson,* 579 F.Supp.2d 831, 852 (E.D.Mich.2008) (holding that a private medical provider with a contract to serve a prison was not a government entity). We will therefore affirm the dismissal of all statutory claims except as to the DOC.

*Id.* at 169. In *Matthews,* the Defendant Corizon, was also the operator of a prison medical section and the Court held that no ADA or Rehabilitation claims were appliable to them as a private entity, even if they contracted to work with a public entity. *Id.* Furthermore, this Court recently granted a Motion to Dismiss with prejudice against Defendant, The GEO Group, Inc. based on this same premise in the case of *Eckstrom v. Community Education Centers, Inc., et al.,* docket no.19-782,

2019 WL 3804146 (E.D. Pa. 2019). In *Eckstrom*, Judge Baylson granted GEO's Motion to Dismiss, finding that, as a private entity, the Rehabilitation Act and ADA did not apply. *Id.* Therefore, as GEO is clearly a private entity, and has already been dismissed by this Court from claims stemming from the Rehabilitation Act and ADA under the same circumstances, Plaintiff's claims in Counts I, II and III of the Amended Complaint should be dismissed with prejudice.

**2. The Allegations In The Amended Complaint Preclude Any Claim Under The ADA or Rehabilitation Act.**

Plaintiff's claim also cannot succeed because Plaintiff's "employment" at the prison is not work at all, but rather part of his rehabilitation. As stated in the case of *Heffran v. Dept. of Labor and Industry,* 863 A.2d 1260 (Pa.Cmwlth 2004):

> It has long been settled that an inmate at a correctional facility is not an employee of the correctional facility because there is no employer/employee relationship as an inmate's labor belongs to the prison, and the remuneration paid to the inmate is a gratuitous payment authorized by the state as a rehabilitative tool rather than wages. *Mays v. Fulcomer,* 122 Pa.Cmwlth. 555, 552 A.2d 750 (1989); *Salah v. Pennsylvania Labor Relations Board,* 38 Pa.Cmwlth. 397, 394 A.2d 1053 (1978)

*Id.* at 1263. The reasoning of this theory has been used in the context of denying inmates minimum wages, unemployment compensation, and other employee protections. *Heffran v. Department of Labor and Industry,* 863 A.2d 1260, 1263 (Pa.Cmwlth.2004), *aff'd,* 584 Pa. 540, 886 A.2d 222 (2005).

Thus, Plaintiff was never denied a job opportunity or other benefit under the Rehabilitation Act or the ADA. As stated by Plaintiff in the Amended Complaint, there is a "work program" at George W. Hill Correctional Facility which includes paid work and earning of good time credits. (Document 33, ¶2). As one single program, you are either admitted to the program or not, and regardless of where you work or what you do you get the same benefits. *Id.* Plaintiff was never

denied admission into the inmate worker program, and in fact he was always admitted and worked in sanitation until his release, and thus had the full benefits of any other inmate worker accepted into the program. (Document 33, ¶¶61, 68). Plaintiff's claim that he should have been able to dictate and choose ever single aspect of his inmate worker status is not discrimination, and in fact Plaintiff was given appropriate accommodations with the same chance to work and the same benefits as any other inmate. Prison officials have wide discretionary authority to make reasonable rules and regulations for the operation of prisons. *Roach v. Klingman*, 412 F.Supp. 521 (E.D.Pa. 1976); *Wilson v. Prasse*, 325 F.Supp. 9, 12 (W.D.Pa. 1971), *aff'd*, 463 F.2d 109 (3d Cir. 1973). Plaintiff's inability to satisfy every whim of his acceptance into the program and to micromanage his acceptance once admitted is not a violation of the ADA or the Rehabilitation Act.

Furthermore, Plaintiff's Amended Complaint is carefully crafted to omit any reference that he was medically cleared to participate in kitchen work. Rather, Plaintiff claims several times that he was told that having HIV alone should not prevent him from working in the kitchen, but never states that he had actually been cleared by medical and was still rejected for the kitchen assignment. (Document 33, ¶¶47, 51).

Lastly, Plaintiff does not allege any facts to conclude that he was denied working in the kitchen solely because of his disability. In addition to the above, Plaintiff has not alleged any policy or procedure that prohibits HIV positive persons from working in the kitchen. He also fails to identify any person similarly situated that was denied working in the kitchen. Instead, Plaintiff has merely rejected the legitimate reasons for his denial with the baseless claim that they are false and a pretext without evidence. If Plaintiff is to make such a claim, based on the allegations that he was not medically cleared, he must at least allege facts to show that he was in fact medically cleared, and met all other requirements, but was denied solely because of his disability. That has not occurred

here. Rather, Plaintiff points out legitimate reasons why he was not able to work in the kitchen, but simply rejects them without any factual basis.

Therefore, Plaintiff has failed to state a claim under the ADA or Rehabilitation Act and Counts I, II and III should be dismissed as to Defendant GEO with prejudice.

**B.    Plaintiff Fails To State Any Claims Against The Defendants For Violation of the Pennsylvania Confidentiality of HIV Related Information Act.**

Moving Defendants should be dismissed from Count IV of the Amended Complaint because the Complaint fails to claim a violation under the Pennsylvania Confidentiality of HIV Related Information Act (hereinafter "the Act"). In short, the Act Does not apply to Moving Defendants, and even if it does, there was no violation. Lastly, there is no evidence that any of the individual defendants identified disclosed any HIV related information about Plaintiff.

**1.    The Pennsylvania Confidentiality Of HIV-Related Information Act Does Not Apply To The GEO Group, Inc. Or Delaware County.**

Plaintiff fails to state any facts in the Amended Complaint that would subject Defendants Delaware County or the GEO Group, Inc. to The Pennsylvania Confidentiality Of HIV-Related Information Act as the GEO Group, Inc. and Delaware County are not Institutional health care providers as defined by the Act. Plaintiff states the applicable law in paragraph 99 of the Amended Complaint, and none of the listed entities indicate a prison or jail infirmary, stating:

> Pursuant to 35 P.S. § 7603, an institutional health care provider is defined as "a hospital, nursing home, hospice, clinic, blood bank, plasmapheresis or other blood product center, organ or tissue bank, sperm bank, clinical laboratory, residential or outpatient drug and alcohol rehabilitation service, mental health facility, mental retardation facility, home care agency as defined in this act, or any health care institution required to be licensed in this Commonwealth whether privately or publicly operated."

. (Document 33, ¶99). There is a catch all provision at the end of the definition of institutional health care providers stating that "any health care institution licensed in this Commonwealth" was included in the Act. However, nowhere in the Amended Complaint does Plaintiff state that either The GEO Group, Inc. or Delaware County is a "health care institution required to be licensed in this Commonwealth" or that GEO or Delaware County is licensed at all. (Document 33). This omission is certainly intentional, as there is no "license" issued by the Commonwealth to operate the infirmary at George Hill. Since there is no license or licensing requirement, and the Amended Complaint fails to state any facts that would place The GEO Group, Inc. or Delaware County under any of the listed categories that would have the Act apply to George W. Hill Correctional Facility, Plaintiff's claims under the Act are inapplicable to the Defendants and should be dismissed.

### 2.     There Was No Violation Of The Pennsylvania Confidentiality Of HIV-Related Information Act.

According to the admissions of Plaintiff in the Amended Complaint, and the plain language of the Act, there was no violation of any section of the Act by any of the Defendants. Therefore, Count IV should be dismissed.

Plaintiff's interpretation under the Act is simply incorrect. Counselors such as Defendant Joseph are part of the group of persons that are permitted to know the medical status of the inmates under 35 P.S. §7607(a)(4). Since Plaintiff alleges that Defendant Joseph was his counselor, and responsible for coordinating his care including passing along information regarding Plaintiff's medical related questions as alleged in the Amended Complaint, by law there is no such violation. Therefore, there can be no violation of the Act by any of the Defendants and Count IV should be dismissed.

Plaintiff is not alleging any claim relating to a disclosure of his HIV related information to inmates, but rather only to his counselor Defendant Joseph. (Document 33, Count IV, ¶108). In this context, the relevant portions of the Act Section 7607, are stated as follows:

**Confidentiality of Records**

**(a) Limitations on disclosure.--**No person or employee, or agent of such person, who obtains confidential HIV-related information in the course of providing any health or social service or pursuant to a release of confidential HIV-related information under subsection (c) may disclose or be compelled to disclose the information, except to the following persons:

. . .

(4) An agent, employee or medical staff member of a health care provider, when the health care provider has received confidential HIV-related information during the course of the subject's diagnosis or treatment by the health care provider, provided that the agent, employee or medical staff member is involved in the medical care or treatment of the subject. Nothing in this paragraph shall be construed to require the segregation of confidential HIV-related information from a subject's medical record.

35 P.S. §7607.

According to Plaintiff's Complaint, Defendant Joseph was Plaintiff's "Counselor" and as part of his duties, was required to respond to his inquiries as to his medically related issues regarding his desire to work in the kitchen. (Document 33, ¶13 and ¶39). In fact, Plaintiff specifically claims that he asked Defendant Joseph to find out why he was not medically cleared for work in the kitchen, stating "John Doe submitted an inmate request for information to his counselor, asking why he was not medically cleared to work in the kitchen and seeking information about other jobs that might be available to him." (Document 33, ¶39).

Initially, Section 7607 applies to confidentiality of HIV records, and the improper release of said information. 35 P.S. §7607. Plaintiff does not allege that anyone improperly released any records related to Plaintiff's HIV status or any other medical information. Rather, Plaintiff only claims that a specific request to his counselor for medical information contained a confidential message to him that it was his HIV status that prevented him from working in the kitchen. (Document 1, ¶41). The message is not a medical record and thus, there were no records released of Plaintiff's medical condition. Thus, Section 7607 does not apply, and there can be no violation since there is no allegation that "records" were ever improperly released.

Even if the Court finds that Section 7607, Confidentiality of Records, does apply to oral statements or other non-medical records, Section 7607(a)(4) of the Act specifically allows agents of the medical providers to have knowledge of Plaintiff's HIV if they are involved in the care and treatment of the inmate. *See* 35 P.S. §7607(a)(4). Since Plaintiff's Amended Complaint confirms that Defendant Joseph was involved, and tasked with, the request by Plaintiff to find out what health information he had to prevent him for working in the kitchen, Defendant Joseph did not violate any portion of the Act.

As a "counselor" and someone whose medical request information was directed, Plaintiff readily admits that Defendant Joseph was entitled to know that information. It was essential considering Plaintiff needed information relating to getting a job, knew that the request needed to be directed to his counselor, and wanted to know the specific medical reasons for his prohibition on working in the kitchen. (Document 33, ¶39). The counselor needed this information to properly do his job. This clearly falls under the exception to confidentiality under Section 7607(a)(4). Other than Plaintiff's claims that an unknown nurse told him that his counselor was not entitled to that information, Plaintiff states nothing in the Amended Complaint to contradict that fact that his

counselor was entitled to know his HIV status if it affected his ability to work in certain areas of the prison. Therefore, there can be no violation and Count IV should be dismissed.

Lastly, Plaintiff admits that he consented to the disclosure. Under 35 P.S. §7607(a), a disclosure may be made if the person provides written consent. If the written consent is substantially in the form as stated in 7607(c), there is no violation. Section 7607(c) states as follows:

> **(c) Required elements of written consent to disclosure.--**A written consent to disclosure of confidential HIV-related information shall include:
>
> (1) The specific name or general designation of the person permitted to make the disclosure.
>
> (2) The name or title of the individual, or the name of the organization to which the disclosure is to be made.
>
> (3) The name of the subject.
>
> (4) The purpose of the disclosure.
>
> (5) How much and what kind of information is to be disclosed.
>
> (6) The signature of the subject.
>
> (7) The date on which the consent is signed.
>
> (8) A statement that the consent is subject to revocation at any time except to the extent that the person who is to make the disclosure has already acted in reliance on it.
>
> (9) The date, event or condition upon which the consent will expire, if not earlier revoked.

35 P.S. 7607(c). Only consent forms that "on its face substantially fails to conform to any of the requirements" should not be accepted. *Id.* at §7607(d)(2).

According to the Amended Complaint, Plaintiff provided such written consent that substantially complied with 7607(c) by a) directing the request to his counselor (part 1); b) to reveal to him his own medical information (parts 2 and 3); c) stating the reason for the need for

his own medical information relating to his work duties (part 4); He only requested the medical reasons related to his ability to work in the kitchen (part 5); and, while not explicitly stated, we can assume that he put his name and date on the request since it was identified by the counselor to be Plaintiff's request (parts 6 and 7). While Plaintiff's Amended Complaint does not explicitly refer to parts 8 or 9 of the consent form, even if they were absent there is still substantial compliance with the request. (Document 33, ¶39).

Based on the facts admitted by Plaintiff, there can be no other finding other than Plaintiff requested the counselor to obtain this medical information on his behalf and, as requested, it was disclosed to him. Plaintiff has admitted that the request substantially complied with the written consent requirements under the statute. (Document 33, ¶39). Plaintiff already knew the general reason that he was not medically cleared, and specifically asked for more detailed medical information. (Document 33, ¶39).

To state that he wanted the information and asked the counselor to get this information, only to turn around to say that it never should have been provided despite his request, is the ultimate "gotcha" moment that should be prohibited. Plaintiff's admission that he wanted the counselor to get specific medical information about himself amounts to consent, and substantially complied with 7607(c). To allow such a claim to go forward is essentially entrapment, and would allow persons such as Plaintiff to request information on medical conditions only to turn around and sue that person under the Act. Such an interpretation, to commit fraud or trick someone into violating the Act, could never have been the intent of the legislature. Therefore, Plaintiff's claim under the Pennsylvania Confidentiality of HIV Related Information Act is unfounded and should be dismissed.

### 3.    Defendants Grady and McFadden Should Be Dismissed From Count IV Of The Amended Complaint.

Defendants Grady and McFadden are not alleged to have disclosed heath information related to Plaintiff and should be dismissed from Count IV of the Amended Complaint. At best, they are alleged to have failed to enforce "procedures" to keep health information protected, but the Amended Complaint does not state what procedures were in place and what was not enforced. Moreover, there is nothing in the Act that requires enforcement of procedures, or that failure to do so violates the Act. Therefore, Defendants Grady and McFadden should be dismissed.

While there is a requirement for written procedures in 35 P.S. §7607(f), there is no requirement or other mandate against health care providers for an alleged failure to enforce those procedures or prevent others from not following procedures. Rather, the statute only applies to the health care provider themselves who disclose the information, and not to supervisors or others they may work with. *Id.* Even if the Court could infer from the statute that Defendants Grady and McFadden were required to supervise and enforce procedures to protect medical information, Plaintiff does not allege that Defendants Grady or McFadden knew of others who were disclosing HIV information and failed to stop it, or describe in any detailed facts as to what procedures were in place, or what procedures should have been in place, and how Defendants Grady and McFadden could have (or should have) enforced them. (Document 33, Count IV).

Since at no time does Plaintiff allege that Defendants Grady and McFadden disclosed any health information about Plaintiff, or knew that others were disclosing health information about Plaintiff, there can be no claim. Therefore, Grady and McFadden should be dismissed from the Amended Complaint with prejudice.

IV.    **CONCLUSION**

Accordingly, for the reasons stated above, Moving Defendants The GEO Group, Inc., Kristen Grady, and Debra McFadden must be dismissed from Counts II, III, and IV of the Amended Complaint, and Defendants respectfully request that this Honorable Court grant the within Motion and enter an Order in the form attached.

Respectfully submitted:

**DiORIO & SERENI, LLP**

Date: July 7, 2022                     **BY:**    /s/ *Robert M. DiOrio*
                                                  **ROBERT M. DiORIO, ESQ.**

                                                  /s/ *Matthew H. Fry*
                                                  **MATTHEW H. FRY, ESQ.**
                                                  21 West Front Street
                                                  P.O. Box 1789
                                                  Media, PA 19063
                                                  (610) 565-5700 (telephone)
                                                  (610) 891-0651 (facsimile)

**IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF PENNSYLVANIA**

---

| | | |
|---|---|---|
| **JOHN DOE** | : | |
| | : | |
| | : | **NO.: 22-1405** |
|      **v.** | : | |
| | : | **JURY TRIAL** |
| | : | **DEMANDED** |
| **DELAWARE COUNTY , ET AL.** | : | |

---

## <u>CERTIFICATE OF SERVICE</u>

     We, Robert M. DiOrio and Matthew H. Fry, attorneys for Defendants, hereby certify that a true and correct copy of the foregoing Motion to Dismiss Plaintiff's Amended Complaint was filed electronically via the Court's ECF system on the date below and is available for viewing and download by all counsel of record.

                             Respectfully submitted:

                             **DiORIO & SERENI, LLP**

Date: <u>July 7, 2022</u>         **BY:**   <u>/s/ *Robert M. DiOrio*</u>
                                  **ROBERT M. DiORIO, ESQ.**

                               <u>/s/ *Matthew H. Fry*</u>
                                  **MATTHEW H. FRY, ESQ.**
                                  21 West Front Street
                                  P.O. Box 1789
                                  Media, PA 19063
                                  (610) 565-5700 (telephone)
                                  (610) 891-0651 (facsimile)

17