**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| JOHN DOE,<br>      Plaintiff, | :<br>:<br>: Case No.: 5:22-cv-01405 |
| v. | :<br>: **PLAINTIFF'S OPPOSITION TO** |
| | : **DEFENDANTS GEO GROUP, INC.,** |
| | : **KRISTEN GRADY, AND DEBRA** |
| DELAWARE COUNTY, et al., | : **MCFADDEN'S MOTION TO DISMISS THE** |
|      Defendants. | : **AMENDED COMPLAINT** |
| | : |

Plaintiff John Doe, through his undersigned counsel, respectfully files his opposition to Defendants the Geo Group, Inc, Kristen Grady, and Debra McFadden's Motion to Dismiss the Amended Complaint.

## I.   INTRODUCTION

Plaintiff John Doe ("Doe") brings this action pursuant to Titles II and III of the Americans with Disabilities Act, 42 U.S.C. § 12132 et seq. and 42 U.S.C. § 12181 *et seq*. ("ADA"), The Rehabilitation Act of 1973 § 504, 29 U.S.C. § 794 *et seq*. ("Rehabilitation Act"), and Pennsylvania's Confidentiality of HIV-Related Information Act, 35 P.S. § 7601 *et seq*. ("Act 148"). While in custody at the George W. Hill Correctional Facility ("GWHCF"), Defendants Delaware County and GEO Group, Inc. ("GEO Group") denied Doe participation in programs and services, and the benefits of the programs, because he is living with HIV. In addition to being excluded from the work program, Doe's confidential HIV-related information was impermissibly disclosed to Defendant Joseph [LNU], a counselor and employee of GEO Group,

1

and subsequently disclosed to Inmate Jackson, who per GWHCF policy or practice delivered intra-prison correspondence to other incarcerated people.

Doe filed an amended complaint on June 24, 2022. Am. Compl., ECF No. 33. On July 6, 2022, Defendants Delaware County and Laura Williams, Warden, GWHCF filed an answer and counterclaims against Defendants GEO Group, Debra McFadden ("McFadden"), Kristen Grady ("Grady"), Joseph [LNU] and unknown GWHCF Health Services Administration Staff.[1] Answer to Am. Compl, ECF No. 38. On July 7, 2022, GEO Group, Grady, and McFadden filed a motion to dismiss. Defs.' Mot. to Dismiss, ECF No. 39.

## II.          STATEMENT OF FACTS

John Doe, an adult man diagnosed with HIV in January 2020, was in custody at the George W. Hill Correctional Facility ("GWHCF") from February 2020 to July 2020. *See* Am. Compl. ¶¶ 7, 21, 68, ECF No. 33. HIV is a physical impairment that without ameliorative measures in place substantially limits one or more major life activities, including but not limited to his immune system. Am. Compl. ¶ 18, ECF No. 33. As such, Doe is a person with a disability, as defined under the ADA and Rehabilitation Act. Am. Compl. ¶ 8, ECF No. 33.

On February 16, 2020, Doe was arrested on drug possession and paraphernalia charges and detained at GWHCF. Am. Compl. ¶ 21, ECF No. 33. During the intake process at GWHCF, Doe disclosed his recent HIV diagnosis to GWHCF medical staff. Am. Compl. ¶ 23, ECF No. 33. On or about a week after arriving at GWHCF, Doe started on HIV medications for treatment. Am. Compl. ¶ 25, ECF No. 33.

---

[1] At this time, Defendants Joseph [LNU] and unknown GWHCF Health Services Administration Staff have not been served with the Amended Complaint. Plaintiff has asked Defendant GEO Group, Inc. to identify its employees, which it has not done.

In early March 2020, Doe applied for a job in the GWHCF kitchen. Am. Compl. ¶ 28, ECF No. 33. On the morning of March 18, 2020, Doe was informed by a correctional officer that he was on the list to attend a medical class later that day, which Doe was told was an infection control class on food safety to qualify a person to work in the GWHCF kitchen. Am. Compl. ¶¶ 29-30, ECF No. 33. When Doe arrived at the class, Defendant McFadden, the class instructor, stopped him and told him that the class was full and to return to his cell. Am. Compl. ¶ 31, ECF No. 33. Sometime later, Doe spoke with GWHCF's Psychiatric Nurse Practitioner, Nina [LNU], expressing confusion as to whether he could take the class at another time when it was not full or whether he was prohibited from taking the class for medical reasons. After speaking with Defendant McFadden, Nurse Nina [LNU] informed Doe that Defendant McFadden had told her that he was "not medically cleared for certain jobs." Am. Compl. ¶ 37, ECF No. 33.

On April 9, 2020, Doe submitted an Inmate Request for Information ("IRFI") form to his counselor, asking why he was not medically cleared to work in the kitchen and seeking information about other jobs that might be available to him. Am. Compl. ¶ 39, ECF No. 33. On April 13, 2020, Inmate Jackson, another incarcerated person at GWHCF, hand-delivered the April 9, 2020 IRFI form back to Doe. The written response was easily viewable. On the bottom of the IRFI form was written, "You were not cleared to work in the kitchen because you have HIV." HIV was emphasized by triple underlining. The form was signed by Defendant Joseph [LNU] and dated April 10, 2020. Am. Compl. ¶ 42, ECF No. 33. Neither Defendant Joseph [LNU] nor Inmate Jackson provide medical treatment to Doe, and neither are part of the Health Services staff. Am. Compl. ¶ 43, ECF No. 33. Doe alleges that Defendants Delaware County and GEO Groups policy or practice is to use incarcerated people to deliver intra-prison correspondences to other incarcerated people. Am. Compl. ¶ 44, ECF No. 33.

Doe filed two grievances concerning the disclosure of his confidential HIV-related information and the denial of the kitchen job. Am. Compl. ¶¶ 52-54, ECF No. 33. In response to this grievance, Gabrielle Price wrote: "I understand your concern. However, per the HSA, staff is permitted to know the medical condition(s) of inmates." Am. Compl. ¶ 56, ECF No. 33. In response to Grievance number 20-04-213, addressing GWHCF's denial of a prison job, Gabrielle Price wrote: "In order to be eligible for a job, inmates must attend a medical class. You were on the list to attend a medical class on 3/18/20 but did not show." Am. Compl. ¶ 57, ECF No. 33. As described above, Doe had in fact attempt to attend the medical class, but McFadden had turned him away and prevented him from entering the class.

On April 22, 2020, during a medical appointment, Doe discussed with Dr. Phillips what had happened. Dr. Phillips confirmed that living with HIV should not prevent Doe from working in the kitchen. Dr. Phillips said he would write a note to that effect in the computer system and that this would override Defendant McFadden. Am. Compl. ¶ 51, ECF No. 33. Doe sent a letter to Warden David Byrne concerning his grievances. Am. Compl. ¶ 60, ECF No. 33. On or about May 28, 2020, Doe received a letter from Warden Byrne, responding to the Step 2 grievances stating that Doe's concerns/issues have been addressed. Am. Compl. ¶ 61, ECF No. 33. Doe filed additional grievances concerning disclosure of his HIV-related information, but Defendants responded to these grievances by giving him copies of the May 28, 2020 letter from Warden Byrne. Am. Compl. ¶¶ 62-63, ECF No. 33. A June 23, 2020 form signed by Defendant McFadden stated that Doe was not cleared to work in the kitchen or barber shop. Am. Compl. ¶ 65, ECF No. 33. In handwriting, it stated that Doe may work "in any other department." *Id.*

### III.    SUMMARY OF ARGUMENT

John Doe more than adequately pled claims of discrimination under Titles II and III of the ADA and the Rehabilitation Act against Defendant GEO Group, and for violations of Act 148 against Defendants GEO Group, Grady, and McFadden, in their official and individual capacities, for impermissible and unlawful disclosures of his confidential HIV-related information. For the reasons articulated below, the motion to dismiss should be denied.

### IV.    LEGAL STANDARD

In deciding a motion to dismiss under Fed. R. Civ. P. 12(b)(6), the court must consider as true all properly pleaded material facts and construe the complaint in the light most favorable to the plaintiff. *DelRio-Micco v. Connolly Props. Inc*., 672 F.3d 241, 245 (3d Cir. 2012). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible when its factual content allows the court to draw a reasonable inference that the defendant(s) are liable for the misconduct alleged. *See Ashcroft*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556).

### V.    ARGUMENT

#### A.    Plaintiff Has Adequately Pled Claims Under the Rehabilitation Act and Title II of the Americans with Disabilities Act Against Defendant GEO Group, Inc.

To state a claim under Title II of the Americans with Disabilities Act and the Rehabilitation Act, a plaintiff must allege that he is a qualified individual with a disability, who was precluded from participating in a program, service, or activity, or otherwise was subject to discrimination, by reason of his disability. *Furgess v. Pa. Dep't of Corr.,* 933 F.3d 285, 288–89 (3d Cir. 2019). 28

CFR § 36.105 (a)(1)(i) defines "[a] disability as a physical or mental impairment that substantially limits one or more of the major life activities. In all people, untreated HIV substantially limits the major life activity of immune function…." 28 CFR § 36.105(d)(2)(iii)(J). "Under the ADA, HIV is a disability." *King v. Chester County Prison*, No. 10-6952, 2012 WL 831962 (E.D. Pa. Mar. 12, 2012) (citing *Bragdon v. Abbott*, 524 U.S. 624, 642 (1998); *Doe v. Cnty of Centre, Pa.*, 242 F.3d 437, 447 (3d Cir. 2001)). Doe is a qualified individual with a disability under the statutes. Am. Compl. ¶¶ 17-19, ECF No. 33. As alleged, Doe was denied access to a participation in programs and services because he is a person living with HIV. Am. Compl. ¶¶ 32, 42, 51, ECF No. 33. Defendants Delaware County and GEO Group engaged in unlawful discrimination.

### 1. Defendant GEO Group is a covered entity under the Rehabilitation Act and Title II of the Americans with Disabilities Act.

Defendant GEO Group argues that it is not subject to claims under the ADA[2] or Rehabilitation Act, ostensibly because GEO Group is a "private entity." Mot. ¶ 5, ECF No. 39. However, GEO Group's status as a private entity has absolutely no effect on its liability under the Rehabilitation Act, which applies to all recipients of federal financial assistance, and does not preclude its liability under Title II of the ADA, which applies to an instrumentality of a public entity in certain circumstances. As such, Plaintiff has stated claims against GEO Group under both the Rehabilitation Act and Title II of the ADA.

---

[2] Throughout its brief, GEO Group broadly refers to "claims under the ADA" as if all three titles of the ADA address the same conduct by the same potential defendants.  To be clear, Plaintiff has asserted no claims under Title I of the ADA, which applies to employment discrimination by both public and private employers, thereby making GEO Group's argument that the kitchen job does not qualify as employment superfluous and irrelevant.  Plaintiff has asserted claims against GEO Group as an instrumentality of a public entity under Title II of the ADA and as a place of public accommodation under Title III of the ADA. GEO Group's general argument that it is not subject to the ADA and Rehabilitation Act because it is a "private entity" will be addressed seriatim as if GEO Group was making this argument with respect to each discrimination claim against it.

***Rehabilitation Act:*** In *Barnes v. Gorman*, the Supreme Court stated that "§ 504 of the Rehabilitation Act prohibits discrimination against the disabled by recipients of federal funding, *including private organizations*." *Barnes v. Gorman*, 536 U.S. 181, 184–85 (2002) (emphasis added). At all times relevant to this action, Defendant GEO Group managed GWHCF and implemented and enforced policies that governed access to programs and services at GWHCF. Am. Compl. ¶ 10, ECF No. 33. Under the Professional Services Agreement between Delaware County Board of Prison Inspectors and GEO Group, the scope of services included, but were not limited to, staffing, training, food service, health services, and wellness. Answer to Am. Compl. Crossclaim ¶ 6, ECF 38. In providing these services, Defendant GEO Group received federal financial assistance through multiple avenues, including the Medicaid program, which is jointly funded by the federal government and the state. Am. Compl. ¶¶ 10, 87, ECF No. 33. Doe's allegation is not conclusory in that it identifies a particular source of funding and program. As detailed further below, Doe was denied participation and benefits of the work program due to GEO Group's discriminatory policies and practices. Because GEO Group receives federal financial assistance to run programs, it is subject to the Rehabilitation Act.

***Title II of the ADA:*** In arguing that it cannot be held liable under Title II of the ADA, Defendant relies on *Matthews v. Pa. Dep't of Corr.,* 613 Fed. Appx 163 (3d Cir. 2015), which is non-binding precedent pursuant to 3d Cir., I.O.P., 5.1, 5.3, and 5.7. *Matthews* held that a company with which a prison contracted for medical services was not subject to suit as a public entity under Title II of the ADA. *Matthews*, 613 F. App'x. at 163, 170. However, these are not analogous situations. Defendant GEO Group's role in running GWHCF is much more extensive and comprehensive than the medical contractor's role in *Matthews*, and its relationship with Delaware County is very different from the relationship between the medical contractor and the

prison in that case. For instance, the Delaware County Board of Prison Inspectors has granted GEO Group the power to promulgate and implement policies and procedures, and to modify those policies and procedures without Board input or approval. Unlike the medical contractor in *Matthews*, Defendant GEO Group manages the entire prison, promulgates policies regarding all operations, enforces those policies, is completely responsible for the welfare of the individuals placed in its custody, and handles all of the hiring, training, management, discipline and termination of staff members.  GEO Group's operation of GWHCF is governed by and must comply with regulations set forth by Delaware County in its administrative code, as well as regulations governing correctional facilities issued by the Pennsylvania Department of Corrections. Am. Compl. ¶ 8, ECF No. 33. GEO Group is conducting all of the government functions of managing GWHCF. As such, GEO Group is acting as an instrumentality of the state and is liable for its discriminatory conduct under Title II of the ADA.

GEO Group points to *Eckstrom v. Cmty. Educ. Ctrs., Inc.*, No. 19-782, 2019 WL 3804146 (E.D. Pa. Aug. 12, 2019), as a recent case that follows *Matthews.*  It does, but even more recently, in a case involving the relationship between Defendants Delaware County and GEO Group *and* at GWHCF, this Court allowed claims under Title II of the ADA and the Rehabilitation Act to go forward against GEO Group and Delaware County. *Strickland v. Delaware Cnty.*, No. 21-4141, 2022 WL 1157485, at *3 (E.D. Pa. Apr. 19, 2022). At the pleading stage, without the benefit of discovery, Doe has alleged sufficient facts that GEO Group is a recipient of federal financial assistance and that it is an instrumentality of the state. *See Hunter ex rel. A.H. v. Dist. of Columbia*, 64 F. Supp. 3d 158, 173 (D.D.C. 2014).

### 2.    Doe was denied participation in GWHCF's services and programs because of his HIV status.

"[T]he phrase 'service, program, or activity' under Title II [of the ADA], like 'program

or activity' under Section 504 [of the Rehabilitation Act], is 'extremely broad in scope and includes anything a public entity does.'" *Furgess*, 933 F.3d at 289 (quoting *Disability Rights N.J. Inc. v. Comm'r, N.J. Dep't of Human Servs.*, 796 F.3d 293, 301 (3d Cir. 2015). Defendant GEO Group argues that Plaintiff's claim should not succeed because the employment at the prison is not work at all, but rather part of his rehabilitation. Mot.  7, ECF No. 39. Assuming *arguendo* that the work program is not employment for ADA purposes, GEO Group misunderstands and/or misstates the allegations in this case. Plaintiff has alleged that he was denied participation in GWHCF's programs and services because of his HIV status—not that he was denied employment covered by Title I of the ADA. Am. Compl. ¶¶ 2, 32, 66, 67, 79, 82-85, 88, 90-92, ECF No. 33.

GEO Group further argues that as one single program, participants are either admitted to the program or not, and regardless of where they work or what they do, they get the same benefits. Mot. 7-9, ECF No. 39. Again, GEO Group mischaracterizes the allegations. Doe was denied the benefits of participation in the work program and suffered the loss of a paid work assignment, housing in the workers' block, and the ability to earn "good time" credits—because of his disability, HIV. Am. Compl. ¶¶ 2, 85, 92, ECF No. 33.  The denial of participation in the work program, to work in the kitchens, is a violation of the ADA and Rehabilitation Act. The ADA and Rehabilitation Act were enacted in part to combat medically unsound assumptions made about the limitations of those with disabilities. That Doe, after months of complaining and filing grievances, was finally given a job in Sanitation on or after June 23, 2020 (Am. Compl. ¶ 68, ECF No. 33) does not negate his allegation that he was denied participation in the work program because he is living with HIV. GEO Group's position that the exclusion of working in the kitchens was permissible, since he could work in sanitation is based on stigma against people

living with HIV. Defendants post-hoc rationalizations for the denial are of no consequence, certainly not on this motion to dismiss.

Defendants advance the demonstrably false proposition that "Plaintiff does not allege any facts to conclude that he was denied working in the kitchen solely because of his disability." Mot. 8, ECF No. 39. Doe knows that he was precluded from the work program due to his disability because he received the IRFI form with the written statement: "You were not cleared to work in the kitchen because you have HIV." HIV was underlined three times. Am. Compl. ¶ 42, ECF No. 33. The sole basis for the refusal to give Doe medical clearance is explicit and crystal clear, and GEO Group's suggestion that Doe may have been rejected for participation in this program based on "legitimate reasons" (*see* Mot. 9, ECF No. 39) is without foundation, and more importantly completely inappropriate on a motion to dismiss.

Furthermore, GEO Group incorrectly states that Doe has not alleged any policy or procedure that prohibits HIV positive persons from working in the kitchen. *Id.* Doe filed a Step 2 grievance and submitted an IRFI to Warden Byrne. Am. Compl. ¶59-60, ECF No. 33. Doe received a response from Warden Byrne that stated that "per policy John Doe did not meet the requirements to work in the kitchen, medical, or as a barber, but he is permitted to work in all other areas within the facility such as clerk, sanitation, maintenance or as any housing unit worker." Am. Compl. ¶ 61, ECF No. 33.

### B.     Plaintiff Has Adequately Pled Claims Under Title III of the Americans with Disabilities Act Against Defendant GEO Group, Inc.

"To state a claim of disability discrimination under Title III of the ADA, a plaintiff must show (1) discrimination on the basis of a disability; (2) in the full and equal enjoyment of goods, services, facilities, privileges, advantages or accommodations of any place of public accommodation; (3) by the public accommodation's owner, lessor or operator." *Anderson v.*

*Franklin Inst*., 185 F. Supp. 3d 628, 642 (E.D. Pa. 2016) (quoting *Harty v. Burlington Coat Factory of Pennsylvania, L.L.C.*, No. 11-01923, 2011 WL 2415169, at *9 (E.D. Pa. June 16, 2011)) (internal citations omitted); *Dempsey v. Pistol Pete's Beef N Beer, LLC,* No. 08-5454, 2009 WL 3584597, at *3 (D.N.J. Oct. 26, 2009).

Interpreting its brief expansively, Plaintiff assumes GEO Group is arguing that it cannot be held liable under Title III because it is not a public accommodation because it is a "private entity." Mot. 5-7, ECF No. 39. This is nonsense.  As the Supreme Court has recognized, the ADA divides into three titles: "prohibitions against discrimination in employment (Title I, §§ 12111–12117), public services furnished by governmental entities (Title II, §§ 12131– **2182 12165), and public accommodations **provided by private entities** (Title III, §§ 12181–12189)." *Olmstead v. L.C. ex rel. Zimring*, 527 U.S. 581, 589 (U.S. 1999) (emphasis added). The ADA defines "public accommodations" by twelve specific categories, including a "professional office of a health care provider, hospital, or other service establishment; … or other place of education; … or other social service center establishment…." 42 U.S.C. § 12181(7).  Doe does not allege that GWHCF is a public accommodation, he alleges that spaces within GWHCF including the infirmary, health services offices, the classroom for the medical class and other education services, and social services that are under GEO Group's operation are public accommodations. Under Title III those spaces and the programs and services should be treated as public accommodations as they would outside of a correctional facility.

A private entity does not need to be specifically listed among the examples listed in the statute in order to fall within one of the statutory categories. 28 C.F.R. Part 36, App. C (2019). To be liable under Title III of the ADA, an entity need not "own" the location, but may merely "operate" a place of public accommodation in that space. *Hernandez v. Cnty. of Monterey*, 70 F.

Supp. 3d 963, 972 (N.D. Cal., 2014) (holding that private provider of jail medical services operated a place of public accommodation). GEO Group's programs and services are public accommodations that operate as other places of education and other service or social service center establishments. Am. Compl. ¶ 83, ECF No. 33.

Defendant GEO Group managed GWHCF and implemented and enforced policies that governed access to programs and services at GWHCF. Am. Compl. ¶ 10, ECF No. 33. GEO Group operates the health services and wellness services at GWHCF. Answer Crossclaim ¶ 6, ECF No. 38; 42 U.S.C. § 12181(7)(F). Doe also received medical treatment from GWHCF medical staff who are employees of GEO Group. Am. Compl. ¶¶ 23, 25, 51, ECF No. 33. *See Howe v. Hull*, 873 F. Supp. 72 (N.D. Ohio 1994) (holding that a defendant-physician employed by the hospital exercised sufficient authority to be treated as a public accommodation himself), subsequent opinion, 874 F. Supp. 779 (N.D. Ohio 1994). As alleged Doe was denied participation in the work program and denied entry to the food safety/medical class by policies and practices of the health services operated by GEO Group. 42 U.S.C. § 12182(b)(2)(A)(i).

Additionally, Title III of the ADA applies to private entities that offers examinations or courses related to applications, licensing, certification, or credentialing for secondary or postsecondary education, professional, or trade purposes shall offer such examinations or courses in a place and manner accessible to persons with disabilities or offer alternative accessible arrangements for such individuals." *See* 42 U.S.C. § 12189. GEO Group provides educational programs at GWHCF including the food safety or medical class, GED preparation classes and GED examination. *See* GEORGE W. HILL CORRECTIONAL FACILITY, INMATE HANDBOOK, DELAWARE COUNTY, PENNSYLVANIA, 23 (Dec. 2018)

Doe was denied participation in a work program operated by Defendant GEO Group and its employees. Am. Compl. ¶¶ 29-32, ECF No. 33. After he was denied admission to the food safety class, Doe was transferred out of the worker block. Am. Compl. 34, ECF No. 33. He was denied the enjoyment of the services and privileges of this place of public accommodation because of his disability.

### C.   Plaintiff Has Adequately Pled Claims Under Pennsylvania's Confidentiality of HIV-Related Information Act Against Defendants GEO Group, Inc., Kristen Grady, and Debra McFadden.

The Pennsylvania Confidentiality of HIV-Related Information Act ("Act 148") was enacted to promote testing and counseling by establishing confidentiality requirements that protect individuals from inappropriate disclosure and subsequent misuse of confidential HIV-related information. *See* 35 P.S. § 7602. Act 148 prohibits a health care provider or social service provider from sharing an individual's HIV-related information without written permission, except in limited instances. *See* 35 P.S. § 7607(a). While the statute exempts some physicians and officers in mental health or juvenile incarceration facilities, the Act "does not provide a similar exception for employees of adult correctional facilities." *Jefferson v. Husain*, No. 14-2485, 2016 WL 1255731, at *12 (E.D. Pa. Mar. 31, 2016); *See also Doe v. Delie*, 257 F.3d 309 (3d Cir. 2001). The Act also establishes a private right of action by which compensatory damages may be recovered for unlawful disclosure of confidential HIV-related information. *See* 35 P.S. § 7610.

### 1.    Defendants GEO Group and Delaware County are subject to Pennsylvania's Confidentiality of HIV-Related Information Act

Defendants GEO Group and Delaware County, through their employees and/or agents, violated Act 148 by disclosing Doe's confidential HIV-related information, without written consent, to prison staff and other incarcerated people. Doe pled that Defendant GEO Group implemented and enforced policies that govern confidential medical information, including HIV-related information. Am. Compl. ¶ 10, ECF No. 33. Defendants Delaware County, Williams, GEO Group, Grady, and McFadden, failed to assure that their employees and/or agents adhere to statutorily mandated privacy procedures regarding confidentiality and disclosure of an individual's HIV-positive status. *See* Am. Compl. ¶ 104, ECF No. 33.

Under the Professional Services Agreement between Delaware County Board of Prison Inspectors and GEO Group, the scope of services included, but were not limited to, staffing, training, food service, health services, and wellness. Answer Crossclaim ¶ 6, ECF No. 38. This agreement created a contractual obligation to provide healthcare to inmates through its employees, who are subject to the non-disclosure requirements of 35 P.S. § 7607. Act 148 defines an "Individual health care provider" as  "[a] physician, nurse, …, or other person, including a professional corporation or partnership, providing medical, nursing, drug or alcohol rehabilitation services, mental health services, other health care services or an employee or agent of such individual or an institutional health care provider." 35 P.S. § 7603. It also defines an "Institutional health care provider" as "[a] hospital… clinic… or any health care institution required to be licensed in this Commonwealth whether privately or publicly operated." *Id.* Plaintiff pled that Defendants Delaware County, and GEO Group, are "institutional health care provider[s]" as defined by 35 P.S. § 7603. Am. Compl. ¶ 100, ECF No. 33. Defendant

14

McFadden was an Infectious Disease Nurse at GWHCF and an employee of GEO Group and Defendant Kristen Grady was the Head of Nursing at GWHCF and an employee of GEO Group and are "individual health care provider[s]" as defined by 35 P.S. § 7603. Am. Compl. ¶¶ 11-12, 101, ECF No. 33. As the health services and wellness provider at GWHCF, and as nurses, Defendants GEO, Grady, and McFadden are subject to Act 148.

## 2. The unauthorized disclosures of Doe's confidential HIV-related information to staff and other incarcerated people violate Act 148.

First, Defendants GEO Group, Grady, and McFadden argue that there was no violation of Act 148 because counselors such as Defendant Joseph [LNU][3] are part of the group of persons permitted to know the medical status of inmates under 35 P.S. §7607(a)(4). Mot. 10-14, ECF No. 39. Defendant then erroneously states that Defendant Joseph [LNU] was his counselor, and "responsible for coordinating his care including passing along information regarding Plaintiff's medical related questions as alleged in the Amended Complaint…" *Id.* This blatantly misstates what Plaintiff alleges. Plaintiff explicitly alleges that Defendant Joseph [LNU] does not provide medical treatment to Doe and is not part of the Health Services staff. Am. Compl. ¶ 43, ECF No. 33, and that Defendant Joseph [LNU] is not an "(i)ndividual health care provider providing emergency care or treatment or consulted to determine diagnosis and treatment." Am. Compl. ¶ 107, ECF No. 33. Furthermore, Defendants' argument that disclosure of Doe's confidential HIV-related information is permitted under 35 P.S. § 7607 is factually and legally wrong because

---

[3] Defendants GEO Group, Grady, and McFadden make assertions of what Defendant Joseph [LNU]'s role is and the scope of his duties. The court must take Plaintiff's allegations as true. Plaintiff has asked Defendants' counsel to identify Joseph [LNU] so that he could be properly involved in this case.

Defendant Joseph [LNU] is not an agent, employee, or medical staff member of a health care provider, and is not involved in Doe's medical care or treatment.

Second, Movants incorrectly state that Doe "admits that he consented to the disclosure." Mot. 13, ECF No. 39. Defendants are wrong for two reasons: (1) Doe did not make any such admission, and (2) Doe submitted an IRFI form to his counselor, asking why he was not medically cleared to work in the kitchen and seeking information about other jobs that might be available to him. Mot. ¶ 39, ECF No. 33. Act 148 lays out the nine required elements of written consent to disclosure. 35 P.S. § 7607(c). Movants argue that Doe's "written consent substantially complied with 7607(c)" and then asks the court to "assume" that two of the elements are there and that two elements are not explicitly referred to by Doe. Mot. 13-14, ECF No. 39. At the pleading stage, Doe has alleged that he did not give consent and Movants acknowledge that he did not do so per the requirements listed in the Act. No exceptions for disclosure of Doe's confidential HIV-related information without consent applied to this release. Am. Compl. ¶ 106, ECF No. 33. *See* 35 P.S. § 7607(a)(6).

Third, Movants again mischaracterize the Amended Complaint by arguing that Doe is not alleging any claim relating to a disclosure of his HIV-related information to inmates, but rather only to his counselor Defendant Joseph. Mot. 11, ECF No. 39. Doe alleges that having Inmate Jackson hand deliver the April 10, 2020, response to his IRFI, which contained his confidential HIV-related information in plain view, was a disclosure in violation of Act 148. Am. Compl. ¶¶ 42, 43, 45, 109, ECF No. 33. This disclosure led directly to other incarcerated people learning that Doe is living with HIV, subjected him to gossip and harassment, and caused him to fear potential threats to his safety by other incarcerated people. *See* Am. Compl. ¶¶ 45, 49, 69, 70, 72, 94, 109, ECF No. 33. This disclosure was the subject of a grievance by Doe. Am. Compl. ¶¶ 53,

16

59, ECF No. 33. Additionally, the violation was due to Delaware County and GEO Group's policy or practice to use incarcerated people to deliver intra-prison correspondences to other incarcerated people. Am. Compl. ¶ 44, ECF No. 33.

Finally, Movants also argue that 35 P.S. § 7607 applies only to medical records. This is an incorrect reading of Act 148 and the Amended Complaint. Doe's allegations concern the impermissible and unlawful disclosure of his confidential HIV-related information to Defendant Joseph [LNU], to Inmate Jackson, and other subsequent disclosures. Am. Compl. ¶ 96, ECF No. 33. The fact that Doe is living with HIV is confidential medical information as defined by the statute:

> "Confidential HIV-related information." *Any information* which is in the possession of a person who provides one or more health or social services or who obtains the information pursuant to a release of confidential HIV-related information and *which concerns whether an individual* has been the subject of an HIV-related test, or *has HIV*, HIV-related illness or AIDS;  or any information which identifies or reasonably could identify an individual as having one or more of these conditions, including information pertaining to the individual's contacts.

35 P.S. § 7603 (emphasis added).

### 3. Defendants Grady and McFadden violated Act 148 by failing to implement policies for protecting the confidentiality of HIV-related information, and by promulgating policies that, on their face, violate the law.

Pursuant to 35 P.S. § 7603, Defendants Grady and McFadden and their agents have an obligation under law to safeguard (*i.e.*, prevent disclosure of) confidential HIV-related information. Doe has alleged that policies and practices Gray and McFadden used or implemented in providing health care and handling of confidential information resulted in the impermissible disclosure of Doe's confidential HIV-information and violate Act 148.

After Doe was unlawfully denied participation in the GWHCF work program, he used GWHCF's procedures to learn the basis for his denial. In response, he was handed a note from

Inmate Jackson, signed by Defendant Joseph [LNU], an employee of GEO Group, stating that "You were not cleared to work in the kitchen because you have HIV." HIV was emphasized by triple underlining. Am. Compl. ¶ 42, ECF No. 33. The written response was easily viewable to anyone who possessed it for even a very short period of time. *Id.* Movants do not dispute that it is Defendants Delaware County and GEO Group, Inc.'s policy or practice to use incarcerated people to deliver intra-prison correspondences to other incarcerated people. Am. Compl. ¶ 44, ECF No. 33.

Neither Defendant Joseph [LNU] nor Inmate Jackson were involved in Doe's health care or treatment, and Doe did not provide written consent to disclose his confidential HIV-related information to them. This policy or practice resulted in an impermissible disclosure of HIV-related information, in violation of GWHCF Inmate Handbook, which states:

> George W. Hill Correctional Facility has taken responsible measures to ensure that medical information is not disclosed to correctional and treatment staff. Unless you volunteer the information, no other inmate, correctional officer or staff member, except the Health services staff should know if you are HIV-positive. If you give this information to medical staff, only those providing medical treatment will know it.

*See* George W. Hill Correctional Facility, Inmate Handbook, Delaware County, Pennsylvania, 12 (Dec. 2018).

Doe alleges a plausible inference that the GWHCF medical staff, including Defendants Grady, McFadden, and employees of Defendant GEO Group, had exclusive control over his confidential HIV-related information. On intake, Doe disclosed his recent HIV diagnosis to the GWHCF medical staff. Am. Compl. ¶ 23, ECF No. 33. Doe alleges that a nurse informed him that counselors should not have access to information about medical conditions of incarcerated people at GWHCF, including HIV-related information. Am. Compl. ¶ 46, ECF No. 33. Despite his grievances, Doe was never told who had disclosed his confidential HIV-related information

18

to Defendant Joseph [LNU]. This is a factual question that must be addressed by the fact-finder through the development of a sufficient record. It should not be adjudicated on a motion to dismiss.

The policies and practices of GEO Group and its employees' Defendants McFadden, and Grady's violate Act 148. Accordingly, Defendant GEO Group, McFadden, and Grady's motion to dismiss Doe's Act 148 claims should be denied.

## VI.    CONCLUSION

For the reasons discussed above, Defendants GEO Group, Grady, and McFadden's Motion to Dismiss should be denied.

Dated: July 21, 2022                    Respectfully submitted,
                                        /s/ Richard Saenz_____

Richard Saenz*                          Kara N. Ingelhart*
LAMBDA LEGAL DEFENSE                    LAMBDA LEGAL DEFENSE
& EDUCATION FUND, INC.                  & EDUCATION FUND, INC.
120 Wall St., 19th Floor                65 E. Wacker Pl., Suite 2000
New York, NY 10005                      Chicago, IL 60601
Phone: (212) 809-8585                   Phone: (312) 663-4413
rsaenz@lambdalegal.org                  kingelhart@lambdalegal.org

Ronda B. Goldfein                       Scott A. Schoettes**
(PA 61452)                              SCOTT A. SCHOETTES, ESQ.
Adrian M. Lowe                          4728 N. Malden St.
(PA 313614)                             Chicago, IL 60640
AIDS LAW PROJECT OF                     Phone: (773) 474-9250
PENNSYLVANIA                            sschoettes@gmail.com
1211 Chestnut St., Suite 600
Philadelphia, PA 19107
Phone: (215) 587-9377
goldfein@aidslawpa.org
alowe@aidslawpa.org

*Attorneys for Plaintiff*
*\*Admitted Pro Hac Vice*
*\*\*Motion for Pro Hac Vice Admission forthcoming*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a copy of the foregoing Plaintiff's Opposition to Defendants GEO Group, Inc., Kristen Grady, and Debra McFadden's Motion to Dismiss the Amended Complaint was served via the Court's CM/ECF system on this 21st day of July, 2022, to:

Matthew H. Fry, Esq.
Robert M. DiOrio, Esq.
21 West Front Street
P.O. Box 1789
Media, PA 19063
610-565-5700
mfry@dioriosereni.com
rdiorio@dioriosereni.com

*Attorneys for Defendants GEO Group, Inc., Kristen Grady, and Debra McFadden*

Tanneika Minott, Esquire (I.D. No. 318501)
Jeffrey M. Scott, Esquire (I.D. No. 60184)
Archer & Greiner, P.C.
Three Logan Square
1717 Arch Street, 35th Floor
Philadelphia, PA 19103
215-963-3300
tminott@archerlaw.com
jscott@archerlaw.com

*Attorneys for Defendants Delaware County and Laura Williams*

*/s/ Richard Saenz*_____
Richard Saenz