## IN THE UNITED STATES DISTRICT COURT FOR THE
## EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **JOHN DOE** | : |
| | : |
| | : NO.: 22-1405 |
| v. | : |
| | : **JURY TRIAL** |
| | : **DEMANDED** |
| **DELAWARE COUNTY, ET AL.** | : |

### DEFENDANTS, THE GEO GROUP, INC., KRISTEN GRADY, AND DEBRA MCFADDEN'S MOTION TO ENFORCE SETTLEMENT

Defendants The GEO Group, Inc. ("GEO"), Kristen Grady (incorrectly identified as Kristin [LNU]), and Debra McFadden, by and through their attorneys Burns White, LLC, hereby submit this Motion to Enforce Settlement and in support thereof avers as follows:

1. Defendants file this Motion to Enforce Settlement because Plaintiff's counsel refuses to execute a release consistent to the agreed terms of a settlement, first insisting they wanted confidentiality and then going back and stating that only Plaintiff's name should remain confidential, contrary to previous discussions. Plaintiff refuses to execute the release as agreed by all parties (and even Plaintiff) because Plaintiff's counsel wants to use the settlement as marketing to their client's detriment and against their client's wishes. Therefore, this motion is necessary to confirm the Court mediated settlement terms made on May 22, 2023.

2. This action was commenced via a Complaint on April 8, 2022. (Document 1).

3. Plaintiff, while incarcerated at the George W. Hill Correctional Facility, claims that he was unfairly prevented from working in the kitchen because he was HIV positive in violation of the Americans with Disability Act and Rehabilitation Act. He also claims that his HIV status was

provided to his counselor, Defendant Joseph, without his consent and in violation of the Pennsylvania Confidentiality of HIV Related Information Act. (Document 1).

4. Plaintiff filed an unopposed Motion to Proceed under a pseudonym, as Plaintiff was insisting that his confidentiality be preserved. (Document 59)

5. The Motion was thereafter granted and Plaintiff was permitted to proceed anonymously under the pseudonym "John Doe." (Document 60).

6. The parties thereafter agreed to a settlement conference before the Honorable Carol Sandra Moore Wells on May 22, 2023.

7. The Conference was conducted via Zoom, and the majority of the time the parties were separated into virtual "break out rooms" so that the parties could not see or speak with one another.

8. Defendants made clear to the Court that any settlement would require a release with provisions that require confidentiality, which we understood would not be a problem based on prior discussions and filings by Plaintiff's counsel to keep Plaintiff's name confidential.

9. At the settlement conference, the parties came to a monetary agreement as to the settlement, that there would be a release that would presumably be signed by Plaintiff.

10. There were terms, namely policy changes that were requested from Delaware County, that needed to be addressed via separate counsel for the county who was not present.

11. Thereafter on May 24, 2023, a zoom video call was conducted with all counsel and a "representative" for Plaintiff who was speaking on his behalf.

12. At that video conference call, all parties agreed that confidentiality was essential, and Plaintiff's representative discussed the issue specifically stating that Plaintiff wanted confidentiality and he had no desire to make anything public.

13. Defense counsel also agreed that the Defendants wanted confidentiality as well, and certain modifications would have to be made to the release if the matter was going to remain confidential.

14. On May 26, 2023, a form release was sent to Plaintiff's counsel outlining the terms of the agreement which included that the release and terms of the settlement remain confidential. *See* email with proposed release attached as Exhibit "A."

15. However, weeks later, for the first time, in an email of June 19, 2023, Plaintiff's counsel stated that while Plaintiff wanted confidentiality, Plaintiff's counsel wanted to advertise the settlement and therefore would not agree to confidentiality for the Defendants, but insisted that Plaintiff's identity remain confidential. *See* email of Mary Catherine Roper, Esquire attached hereto as Exhibit "B."

16. Specifically, Plaintiff's counsel stated "The client does not intend to discuss the litigation, but it is important to the nonprofit lawyers that they be able to comment on things in the public record and disclose the amount of the settlement. They want to be able to publicize the claims they brought, the fact that those claims survived a motion to dismiss, and that the case settled for the amount it did. *See* Exhibit "B."

17. Plaintiff's counsel, despite returning the draft release with changes that included having Plaintiff's name on it and his signature line, has now stated, for the first time, that Plaintiff would not be named on the release and would not sign the release. Plaintiff could not explain how this could ever be a valid settlement agreement other than to say that she would sign the release for the Plaintiff and that "we do this all of the time."

18. Upon information and belief, despite the highly unusual request for confidentiality for Plaintiff and not for Defendants, and the refusal to sign the release, this was never discussed with counsel or the Court at the settlement conference.

19. It was clear to all parties at the May 22, 2023 settlement conference that the parties agreed to a monetary settlement, and that Plaintiff needed to execute a release with confidentiality provision. The only terms that were not finalized were the policy changes requested by the Plaintiff for Delaware County.

20. The enforcement of settlement agreements is governed by the principles of contract law. *Alpart v General Land Partners, Inc.,* 2010 WL 4320509 (E.D. Pa. 2010, Strawbridge, J.) *citing Mazzella v. Koken*, 739 A.2d 531 (Pa. 1999).

21. When the parties have agreed on the essential terms of a contract, the fact that they intend to formalize their agreement in writing, but have yet to do so, does not prevent the enforcement of the agreement. *Mazella*, at 533, *citing Field v. Golden Triangle Broadcasting, Inc.*, 305 A.2d 689 (Pa. 1973).

22. If all of the material terms of a bargain are agreed upon, the settlement will be enforced. *Miller v. Clay Township*, 555 A.2d 972 (Pa. Cmwlth. Ct. 1989).

23. Here, the parties agreed to the essential terms of the settlement, as can be verified by the Court who presided over the settlement conference.

24. Furthermore, Plaintiff's counsel has made it clear that the change in terms is not requested by Plaintiff, but rather by Plaintiff's counsel, who is not a party to the agreement.

25. Plaintiff has agreed to confidentiality, and thus Plaintiff's counsel must abide by that decision, as Plaintiff's counsel has no right to insert terms that were not requested by the client and contrary to the agreement of the parties.

26. Moving Defendants now file the instant Motion to Enforce the Settlement agreement and respectfully requests this Honorable Court to enforce the terms of settlement.

**WHEREFORE**, the parties respectfully request that this Honorable Court enter an Order in the form attached hereto.

                                        Respectfully Submitted,

                                        **BURNS WHITE, LLC**

By:   /s/ Matthew H. Fry
        **MATTHEW H. FRY**
        I.D. No. 83131
        1001 Conshohocken State Road, STE 1-515
        West Conshohocken, PA 19428
        (484) 567-5748 (O)
        (484) 567-5701 (F)

*Attorneys for Defendants*

Dated:  July 14, 2023