## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

|  |  |
|---|---|
| JOHN DOE, | : |
| | : |
| Plaintiff, | :  Case No: 5:22-cv-01405 |
| | : |
| v. | : |
| | :  JURY TRIAL DEMANDED |
| DELAWARE COUNTY, et al., | : |
| | : |
| | : |
| Defendants. | : |
| | : |
| | : |

## PLAINTIFF JOHN DOE'S MOTION TO VACATE ORDER OF DISMISSAL UNDER LOCAL RULE 41.1(B) AND FED. R. CIV. P. 60(B)

Plaintiff respectfully requests that the Court vacate the Order dismissing the case entered on May 22, 2023 and schedule the case for an additional settlement conference or a return to litigation. Plaintiff brings this motion pursuant to Local Rule 41.1(b) and Fed. R. Civ. P. 60(b). In support of his Motion, Plaintiff makes the following averments:

1. Plaintiff John Doe alleges that Delaware County, GEO Group, and employees and contractors of both, discriminated against him based on his HIV status and unlawfully disclosed his HIV status while he was detained at the George W. Hill Correctional Facility in Delaware County from February 16, 2020 to July 20, 2020. Plaintiff asserts claims under Titles II and III of the Americans with Disabilities Act, 42 U.S.C. § 12132 *et seq.* and 42 U.S.C. § 12181 *et seq.* ("ADA"), the Rehabilitation Act of 1973 § 504, 29 U.S.C. § 794 *et seq.* ("Rehabilitation Act"), and Pennsylvania's Confidentiality of HIV-

Related Information Act, 35 P.S. § 7601 *et seq*. Plaintiff seeks declaratory and injunctive relief, as well as compensatory and punitive damages and attorneys' fees.

2. Plaintiff filed his original Complaint on April 8, 2022. Plaintiff filed an Amended Complaint on June 22, 2022. Delaware County and Warden Williams answered the complaint and cross-claimed against GEO Group on July 6, 2022. GEO Group and its alleged employees (the "GEO Defendants") moved to dismiss the Amended Complaint, which motion was denied on August 5, 2022. The GEO Defendants answered the Amended Complaint on August 17, 2022. On October 7, 2022, Plaintiff voluntarily dismissed some alleged GEO employees who had not been served.

3. On November 30, 2022, Plaintiff filed an unopposed Motion for Leave to Proceed Under Pseudonym, which was granted the same day. (See Dkt. No. 60).

4. On December 14, 2022, this matter was transferred to Hon. Carol Sandra Moore Wells by consent of the parties. At a status call in January 2023, the parties agreed that it would be helpful to schedule an early settlement conference. After some scheduling difficulties, a settlement conference was scheduled for, and held over Zoom, on May 22, 2023.

5. At the settlement conference held before this Court on May 22, 2023, the parties agreed on a monetary payment sufficient to settle the case but did not agree upon terms of a release. Expressly left open was the outstanding issue of Plaintiff's demand for amendments to policies adopted by Defendant Delaware County that relate to work assignments in and protections for the rights of persons living with HIV who are incarcerated at the George W. Hill Correctional Facility.

6. Plaintiff was not informed that the GEO Defendants would demand a non-disclosure agreement. If such a demand had been made at the conference, Plaintiff would have refused it.

7. At the conclusion of the settlement conference, counsel for Plaintiff noted that Delaware County is subject to the requirements of the Pennsylvania Right to Know Law, 65 P.S. § 67.101, *et seq*. (the "RTKL"). Delaware County public records, and especially financial records, are available to the public under the RTKL. *See* 65 P.S. § 67.302. Plaintiff's counsel stated that the settlement would have to be documented so as to protect Plaintiff's anonymity. The parties agreed to discuss that issue in a follow up call after the conference.

8. The parties also agreed that separate conversations would be required to resolve the outstanding issue of the amendments Plaintiff had requested to the Delaware County policies, as defense counsel present at the conference had no authority to discuss those policies.

9. Following that conference, the Court entered an order dismissing the case "pursuant to the provisions of Rule 41.1(b) of the Local Rules of Civil Procedure of this Court." (Dkt. No. 69).

10. Two of Plaintiff's counsel, Ms. Roper and Mr. Lowe, met with counsel for all Defendants, Matthew Fry, by Zoom on May 24. On that call, Mr. Fry suggested the parties negotiate a release based on the standard release used by the GEO Group. The counsel also discussed GEO Group's desire for confidentiality and the necessity of preserving Plaintiff's anonymity. No specific terms were agreed to on that call. Instead, Mr. Fry promised to send the general release form and counsel for Plaintiff promised to return it with the edits they wanted. Two days later, Mr. Fry sent the form release, having informed Plaintiff's counsel that he would be away the following week.

11. The parties did not have further settlement discussions until June 19, 2023, when counsel for Plaintiff emailed Mr. Fry the form release with edits. Those edits struck out the

existing language concerning confidentiality and proposed instead a non-disparagement agreement.

12. Over the ensuing weeks, counsel for Plaintiff and counsel for the GEO Defendants and Delaware County discussed their disagreements over the form of the release but could not reach agreement.

13. Over the same period, Plaintiff's counsel spoke with Carlton Johnson, separate counsel for Delaware County regarding the proposed policy amendments.[1] Mr. Johnson did not offer specific objections to the requested policy changes but could not commit to those issues while the issue of the release was not settled.

14. On July 14, 2023, the GEO Group Defendants filed a "Motion to Enforce Settlement," demanding that the Court direct Plaintiff to sign a release with a non-disclosure agreement. After that filing, Mr. Fry sent an email to Plaintiff's counsel declaring their negotiations at an impasse.

15.  Plaintiff is represented by two non-profit legal organizations—the AIDS Law Project of Pennsylvania and Lambda Legal Defense and Education Fund—as well as Langer, Grogan, and Diver, P.C., of which named partner John Grogan is *of counsel* to the AIDS Law Project. A central plank of the mission of the AIDS Law Project and Lambda Legal is to educate the public that HIV-related discrimination is illegal and that there are consequences for violating the law. This includes publicizing the outcome of litigation brought to enforce the rights of people living with HIV. Public education as a primary purpose of these organizations is discussed with every potential client. Every actual client—including Plaintiff—shares these goals and agrees to support them in conducting

---

[1] This was done with the permission of Mr. Fry, as Mr. Fry is the only attorney representing Delaware County in the litigation.

the litigation, particularly in settlement discussions.

16. An order of dismissal entered pursuant to Local Rule 41.1(b) "may be vacated, modified, or stricken from the record, for good cause shown, upon the application of any party served within ninety (90) days of the entry of such order of dismissal, provided the application of the ninety-day time limitation is consistent with Federal Rule of Civil Procedure 60(c)."

17. Plaintiff's motion to vacate the May 22, 2023 dismissal Order is timely, having been filed within ninety (90) days of the entry of the Order.

18. The "good cause" required under Local Rule 41.1 is analyzed under Fed. R. Civ. P. 60(b)(6). *See Perry v. Del. River Port Auth.,* 208 Fed. Appx. 122, 125 (3d Cir.2006) (construing argument to reopen case because of breach of settlement agreement as motion for relief under Rule 60(b)(6)).

19. When motions for relief are filed within 90 days of the order dismissing the case, courts in the Eastern District have modified 41.1(b) Orders where the parties have failed to execute a written settlement agreement that embodies the agreed upon terms. *See Bright v. First Sr. Fin. Grp.,* No. CIV.A. 12-360, 2013 WL 3196392, at *5–6 (E.D. Pa. June 24, 2013).

20. "Good cause" under Local Rule 41.1 and Fed. R. Civ. P. 60(b) exists for the relief sought by Plaintiff because Defendants have refused to execute a settlement release and pay Plaintiff the agreed-upon settlement amount unless Plaintiff agrees to an additional term not negotiated at the settlement conference: a non-disclosure agreement. In addition, in the absence of an agreed-on release, Delaware County will not respond to the policy amendments requested by Plaintiff.

21. Plaintiff will suffer an "extreme and unexpected hardship" if the dismissal Order is not

vacated, as he will be precluded from pursuing his claims without being able to obtain the benefit for which he agreed to settle those claims: the agreed payment and the hoped-for policy changes by Delaware County.

 **WHEREFORE**, Plaintiff respectfully requests that the Court vacate the Order of dismissal entered in the case on May 22, 2023 (Dkt. No. 69) and schedule the case for another settlement conference to address the outstanding issues between the parties. A proposed form of Order is submitted herewith.

Respectfully submitted,

Dated: July 21, 2023

_s/ Mary Catherine Roper_
Mary Catherine Roper
John J. Grogan
LANGER, GROGAN & DIVER
1717 Arch St., Ste 4020
Philadelphia, PA 19103
Tel: (215) 320-5660
Fax: (215) 320-5703
mroper@langergrogan.com
jgrogan@langergrogan.com

Richard Saenz*
LAMBDA LEGAL DEFENSE
& EDUCATION FUND, INC.
120 Wall Street, 19th Floor.
New York, NY 10005
Phone: (212) 809-8585
rsaenz@lambdalegal.org

Ronda B. Goldfein (PA 61452)
Adrian M. Lowe (PA 313614)
AIDS LAW PROJECT OF PENNSYLVANIA
1211 Chestnut Street, Suite 600
Philadelphia, PA 19107
goldfein@aidslawpa.org
alowe@aidslawpa.org
215-587-9377

*Attorneys for Plaintiff*
*\*Admitted Pro Hac Vice*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a copy of the foregoing was served via the Court's CM/ECF system, to:

MATTHEW H. FRY
BURNS WHITE, LLC
1001 Conshohocken State Road, STE 1-515
West Conshohocken, PA 19428
mhfry@burnswhite.com

*Attorney for Defendants*

                                        <u>*s/ Mary Catherine Roper*</u>
                                        Mary Catherine Roper