UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOHN DOE, | : |
| Plaintiff, | : Case No: 5:22-cv-01405 |
| v. | : |
| DELAWARE COUNTY, et al., | : JURY TRIAL DEMANDED |
| Defendants. | : |

**MEMORANDUM IN SUPPORT OF PLAINTIFF JOHN DOE'S MOTION TO VACATE ORDER OF DISMISSAL**

At the settlement conference held before this Court on May 22, 2023, the parties agreed on a monetary payment sufficient to settle the case but did not agree upon terms of a release. Expressly left open was the outstanding issue of Plaintiff's demand for amendments to policies adopted by Defendant Delaware County that relate to work assignments in and protections for the rights of persons living with HIV who are incarcerated in the George W. Hill Correctional Facility. Following the settlement conference, the Court entered an order dismissing the case "pursuant to the provisions of Rule 41.1(b) of the Local Rules of Civil Procedure of this Court." (Dkt. No. 69).

Eight weeks have passed since the settlement conference and the parties have reached an impasse over the terms of a release. In addition, Delaware County has not provided a final response to Plaintiff's policy demands. Because it appears that the parties cannot conclude the settlement, Plaintiff has no alternative but to move this Court to vacate the dismissal order entered on May 22, 2023 and schedule the case for further settlement discussions or renewed

litigation. As explained below, good cause exists to vacate the Order dismissing the case because the parties have been unable to reach agreement and no release has been signed.[1]

## PROCEDURAL HISTORY

Plaintiff John Doe alleges Delaware County, GEO Group, and the employees and contractors of both discriminated against him based on his HIV status and unlawfully disclosed his HIV status while he was detained at the George W. Hill Correctional Facility in Delaware County from February 16, 2020 to July 20, 2020. Plaintiff asserts claims under Titles II and III of the Americans with Disabilities Act, 42 U.S.C. § 12132 *et seq.* and 42 U.S.C. § 12181 *et seq.* ("ADA"), the Rehabilitation Act of 1973 § 504, 29 U.S.C. § 794 *et seq.* ("Rehabilitation Act"), and Pennsylvania's Confidentiality of HIV-Related Information Act, 35 P.S. § 7601 *et seq.* Plaintiff seeks declaratory and injunctive relief, as well as compensatory and punitive damages and attorneys' fees.

Plaintiff's original Complaint, filed April 8, 2022, named Delaware County, GEO Group, David Byrne (who was Warden of GWHCF in 2020), Laura Williams, (the current Warden of GWHCF), and several individuals, known and unknown to Plaintiff, who participated in the alleged violations of Plaintiff's rights. Plaintiff filed an Amended Complaint on June 22, 2022 that dropped David Byrne and contained other changes. Delaware County and Warden Williams answered the complaint and cross-claimed against GEO Group on July 6, 2022. GEO Group and

---

[1] The GEO Defendants have moved to enforce the terms they assert were agreed upon at the settlement conference. However, a "district court does not have jurisdiction to enforce a settlement agreement that "is the basis of, but not incorporated into, an order of judgment of the court." *Sawka v. Healtheast, Inc.*, 989 F.2d 138, 141 (3d Cir. 1993). The Court's May 22, 2023 Order dismissing the case did not recite or otherwise incorporate the terms of any agreement between the parties. (See Dkt. No. 69). Consequently, this Court does not have jurisdiction to enforce the settlement agreement, unless the Order dismissing the case is vacated or modified. *See Coppola v. Travelers Indem. Co.*, 321 Fed. Appx. 170, 172 (3d Cir. 2009) ("to the extent [the movant's motion to vacate sought the District Court's enforcement of [movant]'s version of the settlement agreement, the court lacked jurisdiction to provide this relief."). The proper path to relief is to first seek to vacate or modify the order dismissing the case for good cause, then seek further relief. *See Kozierachi v. Perez*, No. 2:10-CV-7570-CDJ, 2014 WL 1378268, at *2 (E.D. Pa. Apr. 7, 2014).

its alleged employees (the "GEO Defendants") moved to dismiss the Amended Complaint, which motion was denied on August 5, 2022. The GEO Defendants answered the Amended Complaint on August 17, 2022. On October 7, 2022, Plaintiff voluntarily dismissed some alleged GEO employees who had not been served.

On November 30, 2022, Plaintiff filed an unopposed Motion for Leave to Proceed Under Pseudonym, which was granted the same day. (See Dkt. No. 60).

On December 14, 2022, this matter was transferred to Hon. Carol Sandra Moore Wells by consent of the parties. At a status call in January 2023, the parties agreed that it would be helpful to schedule an early settlement conference. The Court scheduled, then rescheduled the settlement conference, then held a status conference with counsel on March 31, 2023. A settlement conference was ultimately scheduled for, and held over Zoom, on May 22, 2023. Following that conference, the Court entered an order dismissing the case "pursuant to the provisions of Rule 41.1(b) of the Local Rules of Civil Procedure of this Court." (Dkt. No. 69).

## ARGUMENT

### "Good Cause" Exists to Vacate the May 22, 2023 Order Dismissing this Case.

When an order of dismissal is entered pursuant to Local Rule 41.1(b), that order "may be vacated, modified, or stricken from the record, for good cause shown, upon the application of any party served within ninety (90) days of the entry of such order of dismissal, provided the application of the ninety-day time limitation is consistent with Federal Rule of Civil Procedure 60(c)." The determination of "good cause" for vacatur of a 41.1(b) dismissal is guided by the standards articulated in Rule 60(b). Rule 60(b) sets forth six grounds for relief from a final judgment:

> (1) mistake, inadvertence, surprise, or excusable neglect;
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);

3

>(3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
>(4) the judgment is void;
>(5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
>(6) any other reason that justifies relief.

Fed.R.Civ.P. 60(b). The "good cause" required under Local Rule 41.1 is analyzed under 60(b)(6). *See Perry v. Del. River Port Auth.,* 208 Fed. Appx. 122, 125 (3d Cir.2006) (construing argument to reopen case because of breach of settlement agreement as motion for relief under Rule 60(b)(6)); *Makenta v. University of Pennsylvania,* No. 97–5424, 1998 U.S. Dist. LEXIS 18921 (E.D. Pa. Nov. 30, 1998) (timely motion to reinstate brought under Local Rule 41.1(b) and Rule 60(b) construed under Rule 60(b) because Rule 60(b) takes precedence over Local Rule 41.1(b)). Rule 60(b)(6) allows a court to relieve a party from a final judgment for "any other reason justifying relief from the operation of the judgment." Fed. R. Civ. Pro. 60(b)(6). "Relief under Rule 60(b)(6) may only be granted under extraordinary circumstances where, without such relief, an extreme and unexpected hardship would occur." *Sawka v. Healtheast, Inc*., 989 F.2d 138, 140 (3d Cir.1993). When motions for relief are filed within 90 days of the order dismissing the case, courts in the Eastern District have modified 41.1(b) Orders where the parties have failed to execute a written settlement agreement that embodies the agreed upon terms. *See Bright v. First Sr. Fin. Grp.*, No. CIV.A. 12-360, 2013 WL 3196392, at *5–6 (E.D. Pa. June 24, 2013)*; Mood v. Encore Kitchen & Bath Distributors, Inc.,* No. 10–83, 2011 WL 204186 (E.D. Pa. Jan. 20, 2011); *Thomas v. Cheltenham School District,* No 97–4344, 2000 WL 1052107 (E.D. Pa. July 18, 2000). However, if both parties have executed the settlement agreement, the Third Circuit has made clear that the mere breach of a settlement agreement does not provide grounds for relief. *See Sawka,* 989 F.2d at 140.

In this case, Plaintiff has timely moved to vacate the order of dismissal. In addition, good cause exists for this relief because Defendants have refused to execute a settlement release and pay Plaintiff the agreed-upon settlement amount unless Plaintiff agrees to an additional term not negotiated at the settlement conference: a non-disclosure agreement. In the absence of an agreed-on release, Delaware County will not commit to the policy amendments requested by Plaintiff, although counsel for Delaware County has not raised any objections to Plaintiff's requested language. Plaintiff's counsel has attempted to propose different solutions for this impasse, but counsel for GEO Defendants insists on a nondisclosure agreement. Plaintiff did not agree to such a term at the settlement conference and would have opposed it, had it been demanded there. The only discussion of confidentiality with Plaintiff's counsel was at the end of the conference, when counsel for Plaintiff noted the requirements of the RTKL and that the parties would need to determine a settlement mechanism that would protect Plaintiff's anonymity. The mechanics of the settlement were not discussed at the conference.

Counsel for the GEO Defendants contends that Plaintiff should have assumed that the GEO Defendants would insist on a non-disclosure agreement. But Plaintiff's counsel could not have anticipated during the conference that the settlement would include a non-disclosure agreement, since one of the Defendants, Delaware County, is a "local agency" under the Pennsylvania Right to Know Law, 65 P.S. § 67.101, *et seq*. (the "RTKL"). Delaware County public records, and especially financial records, are available to the public under the RTKL. *See* 65 P.S. § 67.302. The public nature of such a document cannot be vitiated by a confidentiality clause. *Trib.-Rev. Pub. Co. v. Westmoreland Cnty. Hous. Auth.*, 574 Pa. 661, 669, 833 A.2d 112, 116 (2003).

The GEO Defendants suggest that a global non-disclosure agreement was obviously called for because Plaintiff wishes to preserve his anonymity. But anonymity for Plaintiff

5

requires only that his name be kept out of the public record, not that the parties promise not to speak of the litigation or the settlement.[2]

Plaintiff is represented by two non-profit legal organizations—the AIDS Law Project of Pennsylvania and Lambda Legal Defense and Education Fund—as well as Langer, Grogan, and Diver, P.C., of which named partner John Grogan is *of counsel* to the AIDS Law Project. A central plank of the mission of the AIDS Law Project and Lambda Legal is to educate the public that HIV-related discrimination is illegal and that there are consequences of violating the law. This includes publicizing the outcome of litigation brought to enforce the rights of people living with HIV. Public education as a primary purpose of these organizations is discussed with every potential client. Every actual client—including Plaintiff—shares these goals and agrees to support them in conducting the litigation, particularly in settlement discussions.

Plaintiff will suffer an "extreme and unexpected hardship" if the dismissal order is not vacated, as he will be precluded from pursuing his claims without being able to obtain the benefit for which he agreed to settle those claims: the agreed payment and the hoped-for policy changes by Delaware County.

For all of the foregoing reasons, Plaintiff respectfully requests that the Court vacate the Order of May 22, 2023 dismissing the case.

Respectfully submitted,

Dated: July 21, 2023

*s/ Mary Catherine Roper*
Mary Catherine Roper
John J. Grogan
LANGER, GROGAN & DIVER

---

[2] This Court granted Plaintiff's motion to proceed by pseudonym and ordered that the "parties and their counsel shall refrain from publishing Plaintiff's true identity except upon written consent of Plaintiff's counsel." Exhibit A, *Doe v. Delaware County*, No. 5:22-cv-01405, Dkt. 60 (E.D. Pa Nov. 30, 2022).

        1717 Arch St., Ste 4020
        Philadelphia, PA 19103
        Tel: (215) 320-5660
        Fax: (215) 320-5703
        mroper@langergrogan.com
        jgrogan@langergrogan.com

        Richard Saenz*
        LAMBDA LEGAL DEFENSE
        & EDUCATION FUND, INC.
        120 Wall Street, 19th Floor.
        New York, NY 10005
        Phone: (212) 809-8585
        rsaenz@lambdalegal.org

        Ronda B. Goldfein (PA 61452)
        Adrian M. Lowe (PA 313614)
        AIDS LAW PROJECT OF PENNSYLVANIA
        1211 Chestnut Street, Suite 600
        Philadelphia, PA 19107
        goldfein@aidslawpa.org
        alowe@aidslawpa.org
        215-587-9377


        *Attorneys for Plaintiff*
        *\*Admitted Pro Hac Vice*


## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was served via the Court's CM/ECF system, to:

MATTHEW H. FRY
BURNS WHITE, LLC
1001 Conshohocken State Road, STE 1-515
West Conshohocken, PA 19428
mhfry@burnswhite.com

Attorney for Defendants


        *s/ Mary Catherine Roper*
        Mary Catherine Roper