UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOHN DOE, | : |
| Plaintiff, | : Case No: 5:22-cv-01405 |
| v. | : |
| DELAWARE COUNTY, et al., | : JURY TRIAL DEMANDED |
| Defendants. | : |

**MEMORANDUM IN SUPPORT OF PLAINTIFF JOHN DOE'S MOTION TO VACATE ORDER OF DISMISSAL AND ENFORCE SETTLEMENT**

At the settlement conference held before this Court on May 22, 2023, the parties agreed on a monetary payment sufficient to settle the case but left for further negotiations the terms of a release. The parties could not agree on those missing terms, which resulted in a failure of settlement negotiations and Plaintiff's motion to vacate the dismissal order that the Court had entered on May 22, 2023. At the August 2, 2023, hearing held before the Court on Plaintiff's motion, the parties reached agreement on the two issues that Defendant GEO Group had identified as precluding a settlement: GEO Group's desire for a non-disclosure agreement and GEO Group's concern that a settlement agreement signed by Plaintiff with a pseudonym would be unenforceable. Following that hearing, the Court again issued an order dismissing the case "pursuant to the provisions of Rule 41.1(b) of the Local Rules of Civil Procedure of this Court." (Dkt. No. 80).

Plaintiff comes before the Court once again as a result of GEO Group's refusal to execute a settlement agreement that comports with the agreement the parties reached on August 2, 2023.

This time, however, Plaintiff believes that all of the material terms of the settlement were agreed to in the hearing before this Court. Therefore, Plaintiff seeks to enforce the terms of that settlement. However, vacatur of the Court's August 4, 2023 order dismissing the case is a prerequisite to the enforcement that Plaintiff seeks. As explained below, good cause exists to vacate the Order dismissing the case and to enforce the settlement reached before the Court.

## PROCEDURAL HISTORY

Plaintiff John Doe alleges Delaware County, GEO Group, and the employees and contractors of both discriminated against him based on his HIV status and unlawfully disclosed his HIV status while he was detained at the George W. Hill Correctional Facility in Delaware County from February 16, 2020 to July 20, 2020. Plaintiff asserts claims under Titles II and III of the Americans with Disabilities Act, 42 U.S.C. § 12132 *et seq*. and 42 U.S.C. § 12181 *et seq*. ("ADA"), the Rehabilitation Act of 1973 § 504, 29 U.S.C. § 794 *et seq*. ("Rehabilitation Act"), and Pennsylvania's Confidentiality of HIV-Related Information Act, 35 P.S. § 7601 *et seq*. Plaintiff seeks declaratory and injunctive relief, as well as compensatory and punitive damages and attorneys' fees.

Plaintiff's original Complaint, filed April 8, 2022, named Delaware County, GEO Group, David Byrne (who was Warden of GWHCF in 2020), Laura Williams, (the current Warden of GWHCF), and several individuals, known and unknown to Plaintiff, who participated in the alleged violations of Plaintiff's rights. Plaintiff filed an Amended Complaint on June 22, 2022 that dropped David Byrne and contained other changes. Delaware County and Warden Williams answered the complaint and cross-claimed against GEO Group on July 6, 2022. GEO Group and its alleged employees (the "GEO Defendants") moved to dismiss the Amended Complaint, which motion was denied on August 5, 2022. The GEO Defendants answered the Amended Complaint on August 17, 2022. On October 7, 2022, Plaintiff voluntarily dismissed some alleged GEO

employees who had not been served.

On November 30, 2022, Plaintiff filed an unopposed Motion for Leave to Proceed Under Pseudonym, which was granted the same day. (See Dkt. No. 60).

On December 14, 2022, this matter was transferred to Hon. Carol Sandra Moore Wells by consent of the parties. A settlement conference was ultimately scheduled for, and held over Zoom, on May 22, 2023. Following that conference, the Court entered an order dismissing the case "pursuant to the provisions of Rule 41.1(b) of the Local Rules of Civil Procedure of this Court." (Dkt. No. 69).

The settlement discussions of May 22, 2023 did not result in a completed settlement agreement, with the result that Plaintiff filed a motion to vacate the Court's May 22, 2023 Order dismissing the case. The Court held a hearing on Plaintiff's Motion on August 2, 2023. At the August 2, 2023, hearing held before the Court on Plaintiff's motion, the parties reached agreement on the two issues that Defendant GEO Group had identified as precluding a settlement: GEO Group's desire for a non-disclosure agreement and GEO Group's concern that a settlement agreement signed by Plaintiff with a pseudonym would be unenforceable. Following that hearing, the Court, first, granted Plaintiff's motion and vacated the Order of dismissal from May 22, 2023. Then, on August 4, 2023, the Court issued a new order dismissing the case "pursuant to the provisions of Rule 41.1(b) of the Local Rules of Civil Procedure of this Court." (Dkt. No. 80).

Plaintiff's counsel was out of work for the rest of the month of August, but in September she provided counsel for GEO Group a proposed settlement agreement incorporating the terms agreed to by the parties on August 2, 2023. As recounted in Plaintiff's motion and the Declaration of Mary Catherine Roper, despite constant demands and prodding, GEO Group has refused to execute that agreement or propose another, despite the parties being in agreement on

3

every substantive term of the settlement.

## ARGUMENT

### "Good Cause" Exists to Vacate the August 2, 2023 Order Dismissing this Case.

When an order of dismissal is entered pursuant to Local Rule 41.1(b), that order "may be vacated, modified, or stricken from the record, for good cause shown, upon the application of any party served within ninety (90) days of the entry of such order of dismissal, provided the application of the ninety-day time limitation is consistent with Federal Rule of Civil Procedure 60(c)." The determination of "good cause" for vacatur of a 41.1(b) dismissal is guided by the standards articulated in Rule 60(b). Rule 60(b) sets forth six grounds for relief from a final judgment:

> (1) mistake, inadvertence, surprise, or excusable neglect;
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
> (4) the judgment is void;
> (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
> (6) any other reason that justifies relief.

Fed.R.Civ.P. 60(b). The "good cause" required under Local Rule 41.1 is analyzed under 60(b)(6). *See Perry v. Del. River Port Auth.,* 208 Fed. Appx. 122, 125 (3d Cir.2006) (construing argument to reopen case because of breach of settlement agreement as motion for relief under Rule 60(b)(6)); *Makenta v. University of Pennsylvania,* No. 97–5424, 1998 U.S. Dist. LEXIS 18921 (E.D. Pa. Nov. 30, 1998) (timely motion to reinstate brought under Local Rule 41.1(b) and Rule 60(b) construed under Rule 60(b) because Rule 60(b) takes precedence over Local Rule 41.1(b)). Rule 60(b)(6) allows a court to relieve a party from a final judgment for "any other reason

justifying relief from the operation of the judgment." Fed. R. Civ. Pro. 60(b)(6). "Relief under Rule 60(b)(6) may only be granted under extraordinary circumstances where, without such relief, an extreme and unexpected hardship would occur." *Sawka v. Healtheast, Inc*., 989 F.2d 138, 140 (3d Cir.1993). When motions for relief are filed within 90 days of the order dismissing the case, courts in the Eastern District have modified 41.1(b) Orders where the parties have failed to execute a written settlement agreement that embodies the agreed upon terms. *See Bright v. First Sr. Fin. Grp*., No. CIV.A. 12-360, 2013 WL 3196392, at *5–6 (E.D. Pa. June 24, 2013)*; Mood v. Encore Kitchen & Bath Distributors, Inc.,* No. 10–83, 2011 WL 204186 (E.D. Pa. Jan. 20, 2011); *Thomas v. Cheltenham School District,* No 97–4344, 2000 WL 1052107 (E.D. Pa. July 18, 2000). However, if both parties have executed the settlement agreement, the Third Circuit has made clear that the mere breach of a settlement agreement does not provide grounds for relief. *See Sawka,* 989 F.2d at 140.

In this case, Plaintiff has timely moved to vacate the order of dismissal. In addition, good cause exists for this relief because GEO Group has refused to execute a settlement release and pay Plaintiff the agreed-upon settlement amount. In the absence of an agreed-on release, Delaware County cannot execute a settlement agreement memorializing its agreement to policy amendments requested by Plaintiff.

Plaintiff will suffer an "extreme and unexpected hardship" if the dismissal order is not vacated, as he will be precluded from pursuing his claims without being able to obtain the benefit for which he agreed to settle those claims: the agreed payment and policy changes by Delaware County.

Plaintiff also seeks an Order to enforce the settlement terms agreed to by the parties at the August 2 hearing with the Court. Plaintiff provided GEO Group with a draft agreement memorializing those terms on September 22, 2023, and has made every effort to accommodate

5

the few disagreements raised by GEO Group. The only object raised by GEO Group that Plaintiff will not accommodate is the request by GEO Group that it not be required to sign the agreement. GEO Group has offered no substantive objection to the draft settlement agreement that Plaintiff has not accommodated. GEO Group has no substantive basis for refusing to execute the agreement.

      A "district court does not have jurisdiction to enforce a settlement agreement that "is the basis of, but not incorporated into, an order of judgment of the court." *Sawka v. Healtheast, Inc.*, 989 F.2d 138, 141 (3d Cir. 1993). The Court's August 4, 2023 Order dismissing the case did not recite or otherwise incorporate the terms of any agreement between the parties. (*See* Dkt. No. 80). Consequently, this Court does not have jurisdiction to enforce the settlement agreement, unless the Order dismissing the case is vacated or modified. *See Coppola v. Travelers Indem. Co.*, 321 Fed. Appx. 170, 172 (3d Cir. 2009) ("to the extent [the movant's motion to vacate sought the District Court's enforcement of [movant]'s version of the settlement agreement, the court lacked jurisdiction to provide this relief."). The proper path to relief is to first seek to vacate or modify the order dismissing the case for good cause, then ask the Court to enforce the terms of the settlement. *See Kozierachi v. Perez*, No. 2:10-CV-7570-CDJ, 2014 WL 1378268, at *2 (E.D. Pa. Apr. 7, 2014). That is what Plaintiff has done.

      For all of the foregoing reasons, Plaintiff respectfully requests that the Court vacate the Order of August 4, 2023 dismissing the case and order GEO Group to execute a settlement on the terms agreed between the parties.

                                        Respectfully submitted,

Dated: November 1, 2023

                                        *s/ Mary Catherine Roper*
                                        Mary Catherine Roper
                                        John J. Grogan

        LANGER, GROGAN & DIVER
        1717 Arch St., Ste 4020
        Philadelphia, PA 19103
        Tel: (215) 320-5660
        Fax: (215) 320-5703
        mroper@langergrogan.com
        jgrogan@langergrogan.com

        Richard Saenz*
        LAMBDA LEGAL DEFENSE
        & EDUCATION FUND, INC.
        120 Wall Street, 19th Floor.
        New York, NY 10005
        Phone: (212) 809-8585
        rsaenz@lambdalegal.org

        Ronda B. Goldfein (PA 61452)
        Adrian M. Lowe (PA 313614)
        AIDS LAW PROJECT OF PENNSYLVANIA
        1211 Chestnut Street, Suite 600
        Philadelphia, PA 19107
        goldfein@aidslawpa.org
        alowe@aidslawpa.org
        215-587-9377


        *Attorneys for Plaintiff*
        **Admitted Pro Hac Vice*


### CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was served via the Court's CM/ECF system, to:

MATTHEW H. FRY
BURNS WHITE, LLC
1001 Conshohocken State Road, STE 1-515
West Conshohocken, PA 19428
mhfry@burnswhite.com

Attorney for Defendants


        *s/ Mary Catherine Roper*
        Mary Catherine Roper